JOHN F. EISENMENGÉR *vs.* BOARD OF WATER COMMISSIONERS OF THE CITY OF ST. PAUL.

November 14, 1890.

**St. Paul Water Board—Trespass or Nuisance—Injunction.**—The part of section 10, *c.* 110, Sp. Laws 1885, under which chapter the defendant is organized, providing that "no injunction shall be maintained against the board of water commissioners restraining them from the use of the lands," etc., is applicable, not to a case where the board has committed a trespass or caused a nuisance upon land not taken by it, but only to a case where it has taken land for its use as a part of its system of works.

**Same—Presentation of Claim before Suit.**—Complaint *held* to show a compliance with section 35, requiring before action a presentation of the claim to and its rejection by the board.

Appeal by defendant from an order of the district court for Ramsey county, *Brill,* J., presiding, overruling its demurrer to the complaint.

*S. P. Folsom* and *H. W. Phillips*, for appellant.

*James H. Foote* and *Williams, Goodenow & Stanton*, for respondent.

MITCHELL, J.[1]    Appeal from an order overruling a demurrer to the complaint.    The complaint alleges as a cause of action that the defendant has wrongfully dug a ditch connecting with a weir, a part of defendant's system of water-works, over plaintiff's real estate, and that during the past three years, as often as three or four times a year, it caused plaintiff's real estate to be overflowed with water by opening the gate of the weir, and allowing large quantities of water to flow into the ditch, causing it to overflow, doing damage to plaintiff's real estate, rendering it marshy and unfit for use, and that defendant now threatens to continue such acts.    The complaint asks for an injunction restraining defendant from so causing the real estate to be overflowed.

Chapter 110, Sp. Laws 1885, consolidates all prior acts relating to defendant, and amends them so as to constitute one act and read as set forth in said chapter.    The latter part of section 10 of the chapter reads:  "No injunction shall be maintained against the board of water commissioners restraining them from the use of *the lands,* [nor any action to recover] possession or for damage to *said lands* shall be maintained, except as provided in the following section." Sections 7, 8, 9, and 10 prescribe the methods for taking lands for the use of the board.    Section 11 provides that "the owner or owners of any such land or lands may maintain a suit for the recovery of the possession of lands used by the board of water commissioners, for the value thereof, and the damage thereto by reason of the taking thereof as aforesaid," etc.    Sections 12, 13, and 14 make provision by which the board may turn such suit into a proceeding for condemnation of the land to its use, if such proceedings have not already been had, somewhat similar to the provisions in the general railroad law. The provision we have quoted from section 10 must be held to relate to the subject-matter of that section and the preceding and following

[1] Gilfillan, C. J., being disqualified, withdrew from the consideration of this case.

sections, to wit, the taking of lands for the use of the board as a part of its system. And the purpose of withholding an injunction is to prevent stopping the construction and operation of the works merely because the board, through defect in its proceedings, or perhaps through inadvertence, has failed to secure a legal condemnation of lands taken by it. It cannot be held to relate to wrongs such as trespasses and nuisances committed by the board. If it did, there might be a question of its validity. The acts of the board alleged in the complaint amount to a nuisance. And it does not appear that it has taken or proposes to take the land for its use as a part of its system of works. That may be made to appear by answer as prescribed by sections 12, 13, and 14. Until it does so appear and the suit is turned into a proceeding for condemnation, the plaintiff is entitled to the ordinary remedies against nuisances.

The appellant also claims that the provisions of section 35 of the act apply, and bar plaintiff's cause of action. That section provides that, before any action for any cause whatever shall be maintained against the board, the subject-matter and the evidence shall have been submitted to the board, and the claim rejected by it. It is unnecessary to determine whether that is a valid provision when applied to claims for past wrongs or causes of action. We will say, however, that *Nichols* v. *City of Minneapolis,* 30 Minn. 545, (16 N. W. Rep. 410,) cited by appellant, does not determine the question. That decision was simply that, when imposing a liability on a municipal corporation, the legislature may prescribe the extent to which and the conditions upon which the liability shall accrue, and it did not assume to pass on such a power in respect to liabilities under the common law and not created by statute. If the provision is applicable, not merely to actions for wrongs done in the past, but to those for the prevention of wrongs in the future, still we think the complaint shows a compliance with the provision. The action is not to recover damages for past acts of the board, but to enjoin its continuance of such acts in the future; and such cause of action may be deemed to have arisen when, after plaintiff's presentation of his complaint to the board and its persistent neglect to act upon the complaint, it threatens and intends to continue the nuisance. The

board, by its failure to act on the complaint within a reasonable time, must be considered to have rejected it, especially as after the lapse of such time (more than three months) the matter was again brought to its attention by plaintiff's written notice, and it still neglected to act.

Order affirmed.