No. 1,039.

## CITY OF VALPARAISO v. CARTWRIGHT.

MUNICIPAL CORPORATION.—*Open Drain or Sewer.*—*Failure to Keep in Repair.*—*Damages.*—*Complaint, Sufficiency of.*—Where the gist of an action stated in the complaint is negligence of the municipality in failing to keep a drain or open ditch in repair, by carelessly and negligently allowing the same to fill up with sand and other obstructions, and by building across the drain approaches to adjoining alleys without placing drains under the approaches, by reason of which obstructions the water overflowed the drain, and flowed into plaintiff's cellar, keeping it damp and unhealthful, injuring the foundation of the house, and destroying large quantities of personal property mentioned, the complaint states a cause of action.

SAME.—*Special Verdict.*—*Sufficiency of.*—In such case, where the facts found by the special verdict were, substantially, those alleged in the complaint, and, in addition, that the ditch was so defectively constructed as not to be adequate to carry off the water, the special verdict is sufficient to support the theory of the complaint, and plaintiff is entitled to recover.

From the Porter Circuit Court.

*N. L. Agnew* and *D. E. Kelly*, for appellant.

*J. E. Cass*, for appellee.

REINHARD, J.—The overruling of the appellant's demurrer to the complaint, and of its motion for a judgment in its favor upon the special verdict of the jury, are the only errors assigned and discussed.

The action was brought by the appellee, against the appellant, for damages for injury to the former's real estate by water alleged to have been caused by the appellant to flow upon it, by reason of a defective sewer or drain alongside of the street next to appellee's said real estate.

The gist of the action stated in the complaint is negligence in failing to keep the said drain or open ditch in repair, and carelessly and negligently allowing the same

to fill up with sand and other obstructions, and building across the said drain approaches to the adjoining alleys, and failing and neglecting to place any drain under such approaches to carry off the water.

It is averred in the complaint that by reason of these things the flow of the water in the drain became greatly impeded, and, by reason of the obstructions aforesaid, was turned back and flowed into appellee's cellar and kept it damp and unhealthful at all times, and injured the foundation of the house by weakening the same, and destroyed large quantities of personal property described in the complaint.

We think the complaint states a cause of action. A municipal corporation is liable in damages to one injured, not only for negligently constructing a sewer, but for negligently suffering the same to get out of repair. Elliott on Roads and Streets, pages 364, 365.

The appellant's counsel misconceive the theory of the complaint. The *gravamen* of the negligence charged is not in collecting the surface water and running it onto the appellee's lot, but it is, as has been shown, the negligent failure to keep in proper order and repair the sewer or drain which was designed to carry off the water. The cases cited by appellant's counsel are, therefore, not in point.

We are likewise unable to agree with counsel in the statement that the complaint discloses that the appellee's property is situated on a hillside and in a ravine on the lower side of the street, "so that the natural course of the water is across the street, which runs at right angles with the ravine and along the hillside." The complaint discloses no such facts as these, and we are unable to see how, even by the closest scrutiny of the pleading, any such inference could be drawn.

It is charged that the appellee is the owner of a cer-

tain described lot in the city of Valparaiso, which is adjacent to a certain street "upon which the city has a sewer which is an open drain along said street; that the same is adjacent to said premises, through which large quantities of surface and waste water escape and find their way into the general outlet."

Then follows a description of the defective drain, the substance of which we have already set out in the introductory portion of this opinion, and this description is followed by the averment and specification of the damages claimed.

We are unable to discover any such complaint as the appellant's counsel criticise, and we know of no valid reason why the same is not sufficient as against the demurrer.

Appellant's counsel further contend that the special verdict is wholly insufficient to authorize the court to render a judgment upon it. We have examined the special verdict with some care, and are unable to reach the same conclusion as that at which counsel have arrived.

It is quite true, as contended, that a sewer is not usually an open drain, but a subterranean channel for the passage of drainage water and filth. We know of no reason, however, why municipalities should not be required to keep in repair an open drain constructed by the city, for the purpose of carrying off surface water directed into it by the municipal authorities. It would be strange law, indeed, that would permit a city, by its negligence, to injure the property of the citizen by overflow of water from an open drain, where the same might, perhaps at inconsiderable expense, be kept in such a condition as to carry off such water without material injury to the property owner.

We quite agree with counsel that no damages can be

recovered from a city for injury done by surface water collecting on land "in consequence of its being lower than the grade of the street, which the city has a right to establish." Elliott on Roads and Streets, page 364. *Weis* v. *City of Madison*, 75 Ind. 241.

But we have here no such case as that. Here the water backed over the drain, as the special verdict finds, and flowed upon the premises of the appellee by reason of the fact that the city negligently allowed the drain and the tiling connecting with the same to become obstructed and filled with sand and other refuse matter. It is true the verdict also finds, as an additional cause of the overflow, that the ditch was so defectively constructed as to be inadequate to carry off the water.

Just what proportion of the damage was occasioned by defective construction, and what by the accumulation of obstructions, is not shown, but to the extent, at least, that the injury was occasioned by such obstruction of the drain from sand and other accumulations, the verdict supports the theory of the complaint and the appellee was entitled to recover.

There was no motion for a new trial or for a modification of the judgment, and we are, therefore, not able to determine whether the damages were in excess of the amount the appellee was entitled to recover under the facts found.

Our conclusion is that the record contains no reversible error.

Judgment affirmed.

Filed Dec. 20, 1893.