## MURPHY ET AL. *v.* THE CITY OF INDIANAPOLIS.

[No. 18,431.   Filed April 1, 1902.]

MUNICIPAL CORPORATIONS.—*Sewers.*—*Damages.*—Municipal corporations in the construction and maintenance of sewers and drains act ministerially, and their negligence in that particular may be made the basis of an action. *pp. 240, 241.*

SAME.—*Sewers.*—*Negligence.*—*Ordinance.*—A city cannot by ordinance relieve itself from liability for injuries resulting from its negligence in maintaining a sewer. *pp. 241, 242.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by John W. Murphy and others against the city of Indianapolis for damages to property from water and sewage. From a judgment for defendant, plaintiffs appeal. *Reversed.*

*Merrill Moores* and *Rowland Evans,* for appellants.
*J. W. Kern* and *J. E. Bell,* for appellee.

GILLETT, J.—The appellants, who were engaged in the business of selling dry-goods at wholesale, brought this action to recover damages sustained to that portion of their stock of dry-goods that was stored in the basement of their place of business, in the city of Indianapolis, by reason of water and sewage being set back and running into said basement from a public sewer laid in the street on which their said place of business abuts, during a heavy, but not unusual, rain. It is charged that the injury complained of was occasioned by the negligence of said city, after notice, in permitting said sewer to be and remain caved in, and partially filled with sand, dirt, and rubbish, at a point in said sewer near the corner of Georgia and Meridian streets, for more than a year prior to the injury. It is also alleged that appellants were not guilty of any contributory negligence.

The appellee filed answer in two paragraphs. The first was a general denial, but this was subsequently withdrawn. The second paragraph alleged the existence of an ordinance of said city providing for making connections with its sewers, which ordinance contained, among other provisions, the following: "And provided further, that such permit shall be granted only on the express condition that the owner or tenant for whose benefit such connection is made, and each succeeding owner or tenant, shall, in consideration of the privilege hereby granted and enjoyed, hold the city of Indianapolis harmless from any loss or damage that may in any way result from or be occasioned by such tap or connection." It is further alleged in said answer that a prior owner of said real estate made application to the city, while said ordinance was in force, for leave to tap said sewer, which was granted, and that the permit that he received contained the conditions above set out; that pursuant to said permit he did tap said sewer, and connected said building therewith; that said connection has ever since so remained; and that, "if the plaintiff has suffered any damage

in any manner caused by defects in said public sewer, it is because of said real estate, premises, and cellar having been so connected with said public sewer as herein set forth, and that the damages sustained by the plaintiffs complained of, if any have been sustained by them, have resulted from, or been occasioned by, the tapping of said sewer, and the said connection thereto, as herein set forth."

It is now insisted by appellee that its answer must be held good, on the theory that it alleged that the injuries complained of were occasioned "by the tapping of said sewer and the said connection thereto." There is no allegation in the answer that the tap or the connnection was improperly made, or that they were not in order, and there is no denial of the allegation of the complaint that the water and sewage were set back by reason of the defect in the sewer that the complaint alleged existed. The theory of the answer must be grasped by a consideration of its general scope and structure, and not from a mere detached averment. *Gregory* v. *Cleveland, etc., R. Co.,* 112 Ind. 385; *Rollet* v. *Heiman,* 120 Ind. 511, 16 Am. St. 340; *Miller* v. *Burket,* 132 Ind. 469; *Monnett* v. *Turpie,* 132 Ind. 482; *Citizens St. R. Co.* v. *Willoeby,* 134 Ind. 563. When so construed, it is apparent that the theory of the pleader was that the connection made the injury complained of possible, by the water being backed up, through the connection, into the storeroom; and that the provision of the ordinance we have quoted was sufficient to grant to appellee immunity for its negligence in maintaining its sewer. Appellants filed a demurrer to this paragraph of answer. Their demurrer was overruled, and they reserved an exception, and their assignment of error challenges the correctness of this ruling.

The authorities agree that, in the work of construction and in the maintenance of sewers and drains, municipal corporations act ministerially, and that their negligence in these particulars may, therefore, be the basis of an action.

*City of South Bend* v. *Paxon,* 67 Ind. 228; *Weis* v. *City of Madison,* 75 Ind. 241, 39 Am. Rep. 135; *Cummins* v. *City of Seymour,* 79 Ind. 491, 41 Am. Rep. 618; *City of Evansville* v. *Decker,* 84 Ind. 325, 43 Am. Rep. 86; *City of North Vernon* v. *Voegler,* 103 Ind. 314; *City of Ft. Wayne* v. *Coombs,* 107 Ind. 75, 57 Am. Rep. 82; *City of Valparaiso* v. *Cartwright,* 8 Ind. App. 429; *Stock* v. *City of Boston,* 149 Mass. 410, 21 N. E. 871, 14 Am. St. 430; *Allen* v. *City of Boston,* 159 Mass. 324, 34 N. E. 519, 38 Am. St. 423; *Chalkley* v. *City of Richmond,* 88 Va. 402, 14 S. E. 339, 29 Am. St. 730, and exhaustive note; Williams, Municipal Liability for Tort, §157.

If the ordinance in question will bear the construction placed on it by appellee, it amounts to a requirement that persons who connect with its sewers must waive, in advance, any remedy for damages that might otherwise accrue to them on account of the city failing to perform a duty imposed upon it by law. Such an ordinance would be invalid, because it is incompetent for a city to provide by ordinance that it shall not be liable for a wrong that the law of the land makes it liable for, and because the existence of such immunity would be an encouragement to dereliction in the performance of duties of a public character. In 1 Jaggard on Torts, 299, it is said: "On the one hand, the law recognizes the absolute right of any person to make any lawful contract he may desire to make. On the other hand, the courts reason that it is not interfering with freedom of contract to deny, for reasons of public policy, the ability to execute certain contracts limiting liability for torts. Thus it has been generally regarded as unwise to allow any one to contract against his own negligence. The recklessness of consequences which would result from giving effect to such a provision affords a cogent reason. Moreover, in very many classes of cases the party to the contract insisting on limitations would be in a position to dictate absolutely to

the party whose right to damages was being contracted away, so that such a contract would really lack the vital element of agreement,—volition." And, see, 9 Am. & Eng. Ency. of Law, 913; 16 Am. & Eng. Ency. of Law (2nd ed.), 171; Greenhood on Public Policy in the Law of Contracts, pp. 316, 317; *King* v. *Granger,* 21 R. I. 93, 41 Atl. 1012, 79 Am. St. 779.

In the case of *Roll* v. *City of Indianapolis,* 52 Ind. 547, some expressions were used, in the opinion on the petition for a rehearing, that furnish a basis for the claim of appellee that the ordinance we have been considering was sufficient to grant appellee immunity from the consequences of its breach of duty. The case referred to was criticised on another point, and doubted on the point here referred to, in *City of Ft. Wayne* v. *Coombs,* 107 Ind. 75; and as applied to a case like the one in hand, where the charge is a negligent omission to perform a purely ministerial duty, said expressions are now disapproved.

The ordinance in question might perhaps bear a construction, other than the one here contended for, that would not render it invalid. This we leave an open question, but we hold that said ordinance does not protect appellee from responding in damages for the consequences of what was, according to the averments of the complaint, distinctively its own negligent omission.

Judgment reversed, with directions to the trial court to sustain appellants'' demurrer to the second paragraph of answer.