## ASCHOFF v. CITY OF EVANSVILLE.

[No. 4,862.   Filed November 15, 1904.]

1. MUNICIPAL CORPORATIONS.—*Governmental and Ministerial Powers.—Liability.*—For the failure to exercise or for errors committed in the exercise of governmental or sovereign powers, a municipal corporation is not liable; but where the duties are purely ministerial and enjoined by law, or where they arise by necessary implication, such corporation is liable to any person injured by reason of a neglect to perform such duties or from their performance in an improper manner.   p. 31.

2. SAME.—*Ministerial Powers.—Sewers and Drains.—Liability.*—A municipal corporation in the construction and maintenance of sewers and drains acts in a ministerial capacity, and is liable for its negligence the same as a private individual.   p. 31.

3. SAME.—*Governmental Powers.—Extinguishment of Fires.—Liability.*—A municipal corporation in making arrangements for the extinguishment of fires, acts in its governmental capacity and is not liable for its negligence therein.   p. 32.

4. SAME.—*Water-Works.—Use.—Liability.*—Where a municipal corporation maintains a water plant for the purpose only of extinguishing fires, such corporation is not liable for its negligence therein; but where it conducts the same in part for profit, or supplies its citizens with water and charges them therefor, it is liable for its negligence to the same extent as an individual engaged in a like enterprise.   p. 33.

5. SAME.—*Water-Works.—Extinguishment of Fires.—Negligence.—Complaint.—Sufficiency.*—Where the gist of a paragraph of complaint against a municipal corporation for flooding plaintiff's cellar with

water from its water-works was for "refusing and neglecting to shut off the water from running through said broken pipe and plug into said cellar" while it was engaged in extinguishing a fire in the vicinity, such paragraph is insufficient on demurrer, since such municipal corporation was in the exercise of a purely governmental power. p. 33.

6.  MUNICIPAL CORPORATIONS.—*Water-Works.*—*Hydrants.*—*Failure to Keep in Repair.*—*Liability.*—Where a complaint against a municipal corporation for damages for negligence alleged that such corporation negligently failed to keep its fire plugs and the connecting water-pipes in repair, such complaint states a cause of action.   p. 34.

From Superior Court of Vanderburgh County; *J. H. Foster,* Judge.

Action by Peter Aschoff against the City of Evansville. From a judgment for defendant, plaintiff appeals. *Reversed.*

*H. M. Logsdon, D. Q. Chappell* and *A. J. Veneman,* for appellant.

*A. W. Funkhouser,* for appellee.

ROBY, J.—Appellant's complaint was in six paragraphs, to each of which appellee's demurrer for want of facts was sustained. Refusing to plead further, judgment was rendered against him, from which he appealed.

It is alleged in the complaint that appellant suffered two separate injuries occurring practically in the same manner. The first, second and third paragraphs of complaint relate to the first occurrence, while the fourth, fifth and sixth paragraphs are based upon the latter one. The substance of the first paragraph is that appellant, on the 22d day of July, 1901, occupied a building situated on a certain lot in Evansville, at the southeast corner of Vine and Fifth streets, consisting of a two-story brick building, with a cellar the full width of the building, and extending back about seventy feet; that part of the first and all of the second floor were used by him as a dwelling, and in the front part of the first floor he conducted a saloon; that on said day he had a large and valuable stock of goods and other

personal property stored in said cellar, which was dry, well ventilated, and proper for such use; that on said day, and long prior thereto, appellee was a municipal corporation organized under the laws of this State, and that by virtue of its charter it was the owner, and in the absolute management, control and possession of the only system of water-works within its limits, consisting of a pumping-station, mains, pipes, hydrants and plugs for protecting the property of its citizens from fire, and for supplying them with water at certain fixed charges according to the amount used; that it was appellee's duty to supervise the construction, maintenance, operation, altering and repairing of said system of water-works; that, as a part thereof, it had erected, and on said date maintained, a water plug in the sidewalk near appellant's building, connected by certain mains and pipes with its pumping-station, through which water was forced and transmitted in pursuance of the objects for which said system was operated and maintained; that on said day, while plaintiff was engaged in transacting his business and living in the said building as aforesaid, a fire broke out in some building near plaintiff's premises, and, for the purpose of procuring water to extinguish it, appellee, by its firemen and employes, attached a line of hose to said water plug, and turned on the water with great force, and threw the same upon said fire; that extra power and pressure was added at the pumping-station, and the water was being driven with great force through said plug and its connections, by reason of which a certain pipe connecting said water plug with the water mains burst and fell to pieces, causing and permitting the water flowing through said pipe and plug to force its way through and underneath the walls of appellant's building into his cellar, filling it with "mud, slush, slime and water to the depth of twelve feet," damaging and destroying his goods and other personal property stored therein, and causing him great expense in cleaning said cellar, all to his damage in the sum

of $500; that immediately after the bursting of said pipe as aforesaid, and before the damage had resulted as aforesaid, appellee was notified of the breaking of said pipe in time to have prevented said damage to plaintiff's property, which it was then and there its duty to do, but appellant avers that it and its representatives wilfully refused and neglected to do so for a long time, and until after said cellar was completely filled as aforesaid, causing such loss and damage; that said damage was caused by the "negligence of the defendant, its said water-works inspector, agents, servants and employes in failing and refusing and neglecting to shut off the water from running through said broken pipe and plug into said cellar as aforesaid, all to plaintiff's damage," etc.

In the second paragraph the general situation is described, and it is averred that said water plug and its connecting pipe "were on said date, and for a long time prior thereto, defective, rusted, cracked, corroded, worn-out and wholly insufficient and unsafe for the purposes for which they were intended, all of which the defendant, its servants and employes, at the time of the damages hereinafter complained of, and for a long time prior thereto, well knew, and that defendant, its water-works agents and representatives, had for a long time prior thereto negligently and carelessly failed to repair said plug and its connecting pipes," and that while the water was being driven with great power and force through said water plug and its connections, and by reason of the defective, cracked, corroded and worn-out condition of the said water plug and its connecting pipe as aforesaid, and on account of the carelessness and negligence of the defendant, its water-works agents and representatives, in failing and neglecting to replace or repair said water plug and its connecting pipes, as it was its duty to do, the said water plug and its connecting pipe thereupon broke, burst and fell to pieces, permitting the water flowing through the same to escape," etc.

In the third paragraph appellant averred that said water-plug and its connecting pipe "were located and established by defendant long years ago, and on the 22d day of July, 1901, and for a long time prior thereto, had become defective, rusted, cracked, corroded, worn-out and wholly insufficient and unsafe for the purposes for which they were intended, of which the defendant, its servants and employes, at the time of the damages hereinafter complained of, and for a long time prior thereto, had knowledge; that for many years prior to the year 1900 the only pumping-station and machinery owned, operated and used by the defendant in connection with the operation of said water-works system, by which water was pumped into and forced through said mains, pipes, plugs and hydrants throughout said city were old, insufficient and inferior in power and capacity; and that, prior to the damages hereinafter complained of, the defendant had erected and completed a new, modern and much more powerful pumping-station and machinery, and operated, and was on said date operating, the same, by means of which water was and is pumped into and forced through the old mains, pipes, plugs and hydrants theretofore used in connection with the old pumping-station as aforesaid with much more and greater pressure, force and power than used or could be used with said old pumping-station, as defendant well knew; that at all times, in the event of fire, an extra and additional fire pressure was and is added at the pumping-station, to increase the volume of water transmitted through said mains, pipes, plugs and hydrants, and the pressure and power so added to the said new pumping-station during times of fire was and is much stronger, and casts a much larger volume of water, and with much more force and pressure, than was or could be had under and by said old and inferior pumping-station, all of which defendant then and there well knew; that the said mains, pipes, plugs and hydrants, and particularly said plug and its connecting pipe located at the corner of

Fifth and Vine streets as aforesaid, by reason of long and continuous use and service prior to the damage hereinafter complained of, had become and was defective, cracked, corroded, worn-out and wholly insufficient to withstand the increased volume, force and pressure in times of fire exerted by said new and powerful pumping-station, and the same did at divers times and places frequently burst, crack, and become useless and unsafe, and said water plug and its connecting pipe became and were unsafe and unfit, from said named causes, to withstand the great force and pressure in time of fire of said new pumping-station, all of which defendant then and there well knew; yet plaintiff avers that the defendant carelessly and negligently failed to repair and replace the worn and defective parts of said old mains, pipes, plugs and hydrants, and carelessly and negligently failed, prior to the injuries herein complained of, to replace or repair said water plug and its connecting pipe * * * as it was in duty bound to do; that said defendant from time to time hires and employs * * * water-works inspectors and representatives, whose duty it is to examine and determine the condition, quality and safety of said mains, pipes, plugs and hydrants, and who, by the exercise of reasonable diligence and ordinary skill and care, could have discovered the unsafe and unsound and dangerous and defective condition of said water-plug and its connecting pipe as aforesaid, in time to have so repaired or replaced the same as to enable them to withstand the extra force, pressure and volume of water caused in times of fire by said new and powerful pumping-station." Then follow averments similar to those in the first paragraph, attributing the injuries complained of to the "negligent acts and omissions aforesaid."

The statute in force at the time of the occurrence complained of provided for the appointment of water-works trustees by the mayor of the city, with power to appoint necessary agents and make necessary regulations to assess

and collect water rent from parties supplied with water; no charge to be made for supplying water for the extinguishment of fires, for furnishing and supplying connections for fire department purposes, or for other public uses specified. A tax to pay for water-works "shall be assessed on all the taxable property of said city and collected each and every year in the usual manner of levying and collecting tax of said city." Such trustees represented the city. *Rhobidas* v. *Concord* (1899), 70 N. H. 90, 47 Atl. 82, 51 L. R. A. 381, 85 Am. St. 604; *McAvoy* v. *Mayor, etc.* (1877), 54 How. Pr. 245.

1. The rule seems to be firmly established that "a municipal corporation is, for the purposes of its creation, a government possessing to a limited extent sovereign powers, which, in their nature, are either legislative or judicial, and may be denominated governmental or public. * * * And being public and sovereign in their nature, the corporation is not liable to be sued, either for a failure to exercise them, or for errors committed in their exercise. But when duties of a purely ministerial character are expressly enjoined by law, on such corporations, or arise by necessary implication, they are responsible for any damages resulting to individuals for a neglect to perform them, or from their performance in an improper manner." *Brinkmeyer* v. *City of Evansville* (1867), 29 Ind. 187-191. See, also, *City of Anderson* v. *East* (1888), 117 Ind. 126, 2 L. R. A. 712, 10 Am. St. 35; *Vaughtman* v. *Town of Waterloo* (1896), 14 Ind. App. 649.

2. In constructing and maintaining sewers and drains, municipalities act in a ministerial capacity, and for their neglect in such construction or maintenance they are liable under the same rules and to the same extent that a natural person would be. *City of Valparaiso* v. *Cartwright* (1893), 8 Ind. App. 429; *City of Ft. Wayne* v. *Coombs* (1886), 107 Ind. 75, 57 Am. Rep. 82; *Weis* v. *City of Madison* (1881), 75 Ind. 241-250, 39 Am. Rep. 135; *Murphy* v.

*City of Indianapolis* (1902), 158 Ind. 238; *Leeds* v. *City of Richmond* (1885), 102 Ind. 372; Dillon, Mun. Corp. (4th ed.), §954; 20 Am. and Eng. Ency. Law (2d ed.), p. 1196.

3. In the extinguishment of fires, and in making arrangements therefor, the municipality acts in its governmental capacity, and is not liable for damages caused by the negligence of its fire department. *Robinson* v. *City of Evansville* (1882), 87 Ind. 334, 44 Am. Rep. 770; *Brinkmeyer* v. *City of Evansville, supra; Davis* v. *City of Lebanon* (1900), 108 Ky. 688, 57 S. W. 471; *Wright* v. *City Council, etc.* (1886), 78 Ga. 241, 6 Am. St. 256; *Mendel* v. *City of Wheeling* (1886), 28 W. Va. 233, 57 Am. Rep. 664; *Butterworth* v. *City of Henrietta* (1901), 25 Tex. Civ. App. 467, 61 S. W. 975. Nor is it liable for the negligent construction, maintenance or use of appliances for the extinguishment of fires. *Hayes* v. *City of Oshkosh* (1873), 33 Wis. 314, 14 Am. Rep. 760; *Edgerly* v. *Concord* (1882), 62 N. H. 8, 13 Am. St. 533; *Tainter* v. *City of Worcester* (1877), 123 Mass. 311, 25 Am. Rep. 90; *Edgerly* v. *Concord* (1879), 59 N. H. 78.

4. A water plant maintained by a municipality for the use of its fire department only, comes within the reason of these authorities, and it has been held that such municipality thereby performs a governmental function and is not liable for negligence herein. *Miller* v. *City of Minneapolis* (1898), 75 Minn. 131, 77 N. W. 788. Where the water system is conducted by the municipality in part for profit, even if principally for public purposes, the municipality is liable for damages caused by its negligent management. *City of Chicago* v. *Selz, Schwab & Co.* (1902), 104 Ill. App. 376. And where it supplies water to its citizens and charges therefor it acts in its private capacity although such water-works system is also used for the extinguishment of fires. So acting "it stands on the same footing as would any individual or body of persons upon whom a like special

franchise has been conferred." *Western Sav. Fund Soc.*
v. *City of Philadelphia* (1854), 31 Pa. St. 175, 183; *Es-
berg Cigar Co.* v. *City of Portland* (1899), 34 Ore. 282,
55 Pac. 961, 75 Am. St. 651, 43 L. R. A. 435; *Rhobidas*
v. *Concord, supra; City of Logansport* v. *Dick* (1880), 70
Ind. 65, 36 Am. Rep. 166.

A municipality operating a plant for its own use and that
of its inhabitants is therefore liable for injuries to ad-
joining property resulting from its negligence *(Boothe* v.
*City of Fulton* (1900), 85 Mo. App. 16); for causing ad-
joining land to be overflowed *(Eisenmenger* v. *Board, etc.*
(1890), 44 Minn. 457, 47 N. W. 156); for negligently per-
mitting water to escape from its water-pipe, thereby fright-
ening a horse *(Baker* v. *Northeast Borough* (1892), 151
Pa. St. 234, 24 Atl. 1079); for undermining a highway by
water leaking from the pipes *(Hand* v. *Inhabitants, etc.*
(1879), 126 Mass. 324; *Dammann* v. *City of St. Louis*
(1899), 152 Mo. 186, 53 S. W. 932; *Rumsey* v. *City of
Philadelphia* (1895), 171 Pa. St. 63, 32 Atl. 1133); for
throwing a stream of water into adjoining rooms *(Yik Hon*
v. *Spring Valley Water-Works* (1884), 65 Cal. 619).
There are cases contrary to the foregoing, but they are ex-
ceptions to the general trend of decisions. *Springfield
Fire, etc., Co.* v. *Village of Keeseville* (1895), 148 N. Y.
46, 42 N. E. 405, 30 L. R. A. 660, 51 Am. St. 667.

5. The first paragraph of complaint counts upon the
negligence of appellee and its representatives in "refusing
and neglecting to shut off the water from running through
said broken pipe and plug into said cellar." The use
alleged to have been made of the water-works system at the
time of the injury complained of was a purely govern-
mental one, namely, extinguishing fire. For an injury in-
cidental thereto there is no right of recovery. To shut off
the water might have involved an entire cessation of efforts
to extinguish such fire. Appellee is not liable for its re-

fusal so to act, and the demurrer to the first paragraph of complaint was therefore properly sustained.

6. The basis of the second paragraph is found in the alleged negligent failure of appellee to keep said plug and its connecting pipes in repair. This duty devolved upon it, and for negligence therein it is liable, in the absence of facts relieving it therefrom. It affirmatively appears that the defective pipe was a connection of the hydrant. It is argued that it was 'therefore an appliance used in extinguishing the fire, quite as much as the hose attached to the same hydrant through which the same water was conveyed'; that the use made of hydrants or plugs is not a private one, but that they are adapted only to public purposes, as must be judicially known; and that therefore the private character of the water-works does not extend to them or their connections. The water-works system is an entire thing. The city is charged with the duty of using reasonable care in its construction and maintenance. Such duty applies to the system, and not to detached portions thereof. The hydrant is undoubtedly adapted to use in putting out fire, but a water-works system, in the construction of which reasonable care is used, will not contain defective and insufficient hydrants. The hose used by the firemen is not a part of the water-works. The pipe which is alleged to have been defective was a part thereof.

It also appears from the pleading that the pipes burst under fire pressure. It will be assumed, as against the pleader, that without the strain incident to such increased pressure the injury complained of would not have occurred. This pressure was applied in the discharge of a governmental function, and, if the necessity was an unusual one, not to have been anticipated, the question presented would be one of great difficulty; but it does not appear from the complaint that the pressure was not one to have been anticipated. The water-works, when constructed, was designed to serve the double use of the city in its governmental

capacity and in its private capacity, and was thus maintained. The duty was therefore incumbent upon the city to maintain the plant so constructed that it might be reasonably safe for either use. Reasonable care in constructing and maintaining the plant required that the water-pipes be reasonably sufficient to resist such pressure as they were likely to be subjected to, whatever the reason for it might be. Inasmuch as the appellee is directly charged with negligence in failing to replace parts of its water-works system which had become defective, corroded and worn-out, such paragraph was sufficient as against the demurrer.

The duty of the municipality to repair and maintain being one on account of a negligent discharge of which it may be liable for damages, and the water-works being considered as an entity, it follows that the third paragraph also states a cause of action.

The judgment is reversed, and the cause remanded, with instructions to overrule the demurrers to the second, third, fifth and sixth paragraphs of complaint, and for further proceedings.