## BOURDEAU v TOLEDO (city)

Ohio Appeals, 6th Dist, Lucas Co

Decided Feb 1, 1937

Mark Winchester, Toledo, for appellee.
Martin S. Dodd, Director of Law, Toledo, and Ray O. Martin, Jr., Toledo, for appellant.

## OPINION

**By CARPENTER, J.**

This was an action for damages for personal injuries claimed to have been sustained by the plaintiff by the failure of the city of Toledo to perform its duty under §3714, GC, requiring it to keep its streets "open, in repair and free from nuisance."

The street in question is Hurd Street, which runs east and west in the east part of Toledo. It is a short thoroughfare, six blocks long. The right of way of The Wheeling & Lake Erie Railroad, with several sets of tracks on it, intersects the street at right angles three short blocks from its west end. The street is not open across the tracks, but dead-ends on each side. It is paved with concrete on both sides of the railroad, and it is about one hundred feet across the right of way from where the pavement stops on each side. The tracks are several feet lower than the street level, with a ditch or depression of some depth on the west side of the tracks.

At the time in question, at the end of the pavement on the west side of the right of way, there was a bank of gray-colored clay three or four feet high with a slope of about 45 degrees, extending across the entire width of the pavement. At the south end of this bank is a pole carrying electric wires, and on it a street lamp like all the others along Hurd Street, both west and east of the railroad. Adjoining and parallel with the railroad right of way and intersecting Hurd Street is Belt Street, which is unimproved and is described as a "wagon road."

About midnight, December 16, 1930, plaintiff herein was riding as a passenger in the front seat of an automobile being driven by a Mr. Keough. They came upon Hurd Street two blocks west of the railroad and drove east, and the driver and plaintiff not observing the clay bank across the street, and that the street was closed at the railroad, the automobile was driven over the bank across the ditch, and it overturned on the railroad track. Plaintiff sustained serious injuries and damage for which he brought this action, alleging as negligence that the city failed to maintain any guard rails or warning devices at the intersection of the street and right of way. Other claims of negligence were alleged, which are immaterial now, and will not be noticed herein.

After trial, a verdict and judgment for $2,000 was entered for plaintiff. In the trial, defendant moved for a directed verdict at the close of plaintiff's case and at the end of all the evidence, and, after verdict, moved for a judgment notwithstanding the verdict. A motion for a new trial was filed by the city, but was withdrawn before acted upon, and the motion for judgment was overruled. From this judgment the city appeals on questions of law.

The sole question here is whether there was evidence on which to submit this case to the jury. No other errors are assigned in this court.

This question resolves itself as to whether the clay bank across the street with the ordinary street light over it was, as a matter of law, a sufficient guard or warning to travelers on the street to inform them the street was closed at the railroad.

In **Mineral City v Gilbow, 81 Oh St 263,** 90 NE 800, 25 L.R.A. (N.S.) 627, second paragraph of the syllabus, the Supreme Court said:

"In determining whether it is necessary, in a particular case, that a barrier should be erected in order to make the highway safe for travelers thereon, the true test is not the distance from the highway of the dangerous object or place, whether it be much or little; but whether a traveler in passing along the highway and exercising ordinary care, would be subjected to such imminent danger that it would require a barrier to make the highway safe."

In view of the fact that the clay bank was much the same color as the concrete pavement, and that the pavement and street lights to the east of the railroad were like those to the west, travelers by motor on the street in the exercise of ordinary care might not observe the bank barrier and might be misled by the continuing street and street lights beyond. Whether the clay bank barrier was a sufficient warning under such circumstances was a question of fact for the jury's determination. Hence this case was properly submitted.

There appearing no assigned errors prejudicial to the appellant, the judgment of the Common Pleas Court is affirmed.

Judgment affirmed.

**TAYLOR and LLOYD, JJ, concur.**