MOORE, Plaintiff-Appellee, v. COLUMBUS (City), Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5363. Decided February 21, 1956.

Bradley & Weisberg, Columbus.

Chalmers P. Wylie, City Atty., Bernard T. Chupka Asst. City Atty., Columbus.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

This is an appeal from a judgment in behalf of the plaintiff on her action for damages for personal injuries suffered by her while riding as a passenger in the automobile of her husband. The case was tried to a judge, jury having been waived. Issues were drawn upon the fourth amended petition, defendant's second amended answer and reply thereto. At the conclusion of the trial, the court rendered its decision and there-after, upon request, made separate findings of fact and conclusions of law.

The negligence which plaintiff pleads as constituting a nuisance and the violation on the part of the city of the obligation of §723.01 R. C., at the time of the trial §3714 GC, namely, to keep its streets open, in repair and free from nuisance, is:

1. In failing and neglecting to erect a barrier, fence or other protective device to protect travelers upon said South Hague Ave., from the precipice at the southerly end of the paving of South Hague Ave., when the defendant knew, or by the exercise of ordinary care and caution, should have known that said precipice existed.

2. In failing and neglecting to maintain a sign or other warning device at the termination of said paving in such condition that it could be seen by users of said South Tague Avenue, when the defendant knew, or by the exercise of ordinary care and caution, should have known of the condition of the sign described above.

Five errors are assigned: The first two are directed to the action of the trial judge in overruling defendant's motion for judgment on the pleadings and opening statement of counsel for plaintiff and in over-ruling defendant's motion to dismiss at the close of defendant's evidence.

The third is that the Court erred in its conclusion of law No. 6. The fourth is that the verdict and judgment are against the weight of the evidence and the fifth, other errors apparent on the record.

The separate findings of fact and conclusions of law fully comprehend all of the issues joined between the parties. We will refer to such of them as we feel properly present the facts and law necessary to an appreciation of the assignments of error.

After formal findings of fact, the court found:

Three, that the paving of South Hague Avenue in a duly dedicated street of the City of Columbus, on October 1, 1950, at about 1:30 a. m. when the accident occurred in which plaintiff was injured, terminated at a point approximately 735 feet south of the intersection of Vanderberg Street and South Hague Avenue.

Four, that at the time and place referred to in plaintiff's petition, the paving of South Hague Avenue terminated at the top of a ditch, approximately five feet in depth from street grade level to the bottom thereof, with the sides of said ditch sloping north and south on an angle of approximately 45 degrees.

Five, that the ditch was not, at the time of the accident, guarded with a barricade or other protective device, and that it had been so unguarded and unprotected since September 8, 1949.

Six, that at a point immediately south of the termination of said pavement of South Hague Avenue, there was, at the time referred to in plaintiff's petition, a sign bearing the painted words "Dead End," and a round reflector attached to a steel post implanted in the earth. Said sign post was in a position on an angle of approximately 45 degrees grade level of said South Hague Avenue, sloping in a southerly direction away from the paving of South Hague Avenue; that said slope of said sign had existed for a period of two weeks prior to October 1, 1950.

Seven, on October 1, 1950, at a point west of the west curb line of South Hague Avenue, and south of the intersection of West Mound Street and South Hague Avenue, there was a painted sign bearing the words "Dead End," attached to a steel post implanted in the ground.

Eight. At about 1:30 a. m., October 1, 1950, there was some fog present at ground level in the general vicinity of the end of the pavement of South Hague Avenue.

Nine. That on October 1, 1950, at about 1:30 a. m., plaintiff was a passenger in a 1934 Coupe automobile, with the driver of said automobile and another passenger.

Ten, that said automobile went beyond the end of the paving of South Hague Avenue and into the said ditch with the said automobile coming to rest at the bottom of said ditch and with the rear wheels thereof approximately one foot beyond the termination of said pavement of South Hague Avenue.

Eleven, that the plaintiff, in said automobile, was thrown forward with much of her body being thrown onto the floor of and under the dashboard of said automobile.

Twelve, that the plaintiff was thereby injured in the particulars set out in the finding.

Thirteen, that the conditions at the south end of South Hague Avenue described above had existed for a sufficient length of time to charge the City of Columbus with notice of said conditions.

Fourteen, that the situation obtaining on October 1, 1950, at the southern terminus of South Hague Avenue presented such an imminent danger to travelers on South Hague Avenue in the exercise of ordinary care, so as to require the city to erect a barrier, barricade or other protective device to protect the public from going over the said embankment and into the five foot ditch.

Fifteen, from the photographs admitted into evidence by stipulation, the sign at the end of South Hague Avenue in its bent condition did not give adequate warning to a traveler in the night season on South Hague Avenue.

Sixteen, that the "Dead End" sign in existence on October 1, 1950, did not give sufficient warning to travelers in exercising ordinary care to protect them from the dangers of going over the said embankment or give warning of the existence of said embankment.

Seventeen, that the failure of the city to properly and adequately warn travelers of and to protect travelers from the dangerous condition of the southern terminus of South Hague Avenue on October 1, 1950, constituted a negligent nuisance on a street within the corporate limits of the City of Columbus, Ohio,

Eighteen, that the said nuisance was a direct and proximate cause of the injuries sustained by the plaintiff referred to above.

Nineteen, that although the driver of the automobile of which plaintiff was a passenger had consumed some beer he was not at the time and place of the accident under the influence of intoxicating liquor, so as to put the plaintiff on notice as to any danger to herself.

Twenty, and that under the circumstances plaintiff was not guilty of contributory negligence and the pertinent conclusions of law were that the testimony required the trier of the facts to determine whether or not the existence of the deep ditch at the end of South Hague Avenue theretofore described, constituted such a danger to travelers on that avenue as to require the city, in the exercise of reasonable care, to erect a barrier, barricade or other protective device to protect travelers from the danger of going over the embankment and likewise the existence of the "Dead End" sign and its condition, as admitted at the time of the accident, required the trier of the facts to determine if the sign provided sufficient warning of dangerous condition to protect the public. That negligence, if any, of the driver, by reason of the fact there were three persons riding in the front seat did not present sufficient facts upon which to base a finding of contributory negligence on the part of the plaintiff nor did the assured clear distance ahead statute, obligatory on defendant's driver to observe, disclose contributory negligence on the part of the plaintiff passenger to whom the negligence of the driver could not be imputed.

The sixth conclusion of law is:

"The sign bearing the words 'Dead End' which, by the evidence, were in place on or near South Hague Avenue, at 1:30 a. m., October 1, 1950, are not properly characterized as being within the Governmental functions of the City, however, even if the maintenance of these signs was within the Governmental function of the defendant, the absence of barricade, barrier, or other protective devices, by itself, constituted a sufficient nuisance on which to base plaintiff's claim."

The findings of fact in all particulars are in accord with the theory of the plaintiff as pleaded in her fourth amended petition and developed by her evidence. Manifestly, the trial judge, sitting as a jury, had the obligation and the right to make determination of such of the facts as were controverted. Most of the material facts were stipulated. In our judgment the conclusions of law were sound. The law of this case is controlled by the second syllabus of **The Village of Mineral City v. Gilbow et al, 81 Oh St 263:**

"In determining whether it is necessary, in a particular case, that a barrier should be erected in order to make the highway safe for travelers thereon, the true test is not the distance from the highway of the dangerous object or place, whether it be much or little; but whether a traveler in passing along the highway and exercising ordinary care, would be subjected to such imminent danger that it would require a barrier to make the highway safe."

To like effect, **Bordeau v. The City of Toledo, 55 Oh Ap 478, 480, 24 Abs 384; City of Struthers v. Clay, 13 Abs 97, 100; Wickham v. Upper Arlington, 39 Abs 163,** first headnote.

In this case, the ditch began where the highway terminated.

The city depends somewhat upon **Koehler v. City of Cincinnati, 143 Oh St 426,** and particularly, the quotation which Judge Hart employed from Hayes v. Brooklyn Heights Ry. Co., 63 N. E. 469.

We find nothing in this quotation which in any wise conflicts with any principle of law applied by the trial judge in the instant cause. Judge Hart, at the bottom of page 446, states the rule of interpretation of §3714 GC, and says that, it:

"Provides a general rule of conduct and makes negligence the basis of liability for its violation, unless an absolute nuisance is proven to exist.

"The rule in this respect summarized from the cases decided by the court of this state, is stated in 28 O. Jur. p. 976, Sec. 613, as follows:

"The duty resting upon municipal corporations, under §3714 GC, to keep their streets and other public ways 'open, in repair, and free from nuisance,' requires reasonable care and vigilance, in view of all the surroundings, to keep such streets and ways in a reasonably safe condition for travel in the usual and ordinary modes, but does not exact that which is impracticable. They are not insurers of the safety of their public ways, and are liable only for negligence in failing to repair, remove **or guard against defects or obstructions, after actual or construcive notice of their existence.**"

Judge Hart says nothing in the opinion of this case which conflicts with the holding in The Village of Mineral City v. Gilbow, supra, and no purpose to reverse this case is disclosed.

Appellant urges that the erection of the sign at the end of South Hague Avenue near which the accident occurred was purely a governmental function of the municipality and that the failure to maintain or repair the sign was such a function and could not be the basis of the finding of negligence against the city or of the creation of a nuisance.

Conclusion of law No. 6, in conjunction with the findings of fact says that the erection of the sign, "Dead End" near the end of South Hague Avenue is not properly characterized as a governmental function but that, if it were, the absence of barricade, barrier or other protective devices, by itself, constituted a nuisance on which plaintiff could properly base her claim.

The condition of the sign bent away from the direction in which the driver of the automobile was moving, as it was, permitted the finding that it did not inform the driver that he was approaching the dead end street. In our judgment, such a sign, if functioning, was intended to and would serve as a warning and also secondarily to direct traffic. Its condition and position on the night of the accident precluded its serving its purpose in either respect and in connection with the other physical facts was properly considered as related to a violation of §3714 **GC.**

**Tolliver v. Newark, 145 Oh St 517,** cited by appellant, differs from this case in that plaintiff there relied entirely upon the alleged unauthorized erection of certain stop signs, clearly to be employed for the purposes of traffic control, a governmental function, as constituting a nuisance.

Attention is directed by appellant to §5111.01 R. C. classifying signs

along with other traffic control devices, if intended among other things, for warning signals  The presence of the bent sign, if nothing more, was a part of the physical situation which, in its entirety, the trial judge found to constitute a nuisance.  In that conclusion we are satisfied no error was committed.

We have carefully considered the extensive briefs of counsel wherein, very properly, cases are cited relative to all aspects of the case but we feel that no good purpose would be served by discussing the authorities more at length.

There was a material issue whether or not plaintiff's driver was under the influence of intoxicating liquor when the accident occurred; also whether the fact that there were three persons riding in the front seat of the automobile was negligence.  The proof did not rise to a degree which required the trial judge to say that either condition was negligence or, if so, that it was the sole proximate cause of the accident and the injuries to the plaintiff or that the plaintiff was contributorily negligent.

We find no error assigned well made.  The judgment is affirmed.

MILLER, PJ, CONN, J, concur.