FINLEY ET AL. v. CITY OF KENDALLVILLE.

[No. 6,619. Filed February 25, 1910.]

1. MUNICIPAL CORPORATIONS.— Drains.—Discontinuance.—Surface-Waters.—A drain constructed by a city for carrying off surface-waters may be discontinued by such city without liability, where property owners are left in no worse condition than they occupied prior to the construction of such drain. p. 432.

2. APPEAL.—Harmless Error.—Exclusion of Evidence.—Directing Verdict.—Where upon the undisputed facts the plaintiffs are not entitled to recover, alleged errors in excluding evidence and in directing a verdict for defendant will be considered harmless. p. 434.

From Lagrange Circuit Court; James S. Dodge, Judge.

Action by Frank S. Finley and another against the City of Kendallville. From a judgment for defendant, plaintiffs appeal. Affirmed.

Colerick & Ninde, for appellants.

R. P. Barr and L. W. Welker, for appellee.

MYERS, C. J.—Appellants brought this action against appellee to recover damages for injury to their certain real estate caused by surface-water. At the close of appellants' evidence, upon the court's direction, the jury returned a verdict in favor of appellee, and judgment thereon was rendered against appellants. Appellants' motion for a new trial was overruled, and this ruling is the only error assigned. Appellants, in support of their motion for a new trial, have assigned twenty-one reasons, sixteen of which relate to alleged errors of the court in refusing to admit in evidence certain proceedings of the common council of Kendallville, and in refusing to permit a certain witness to give his opinion as to the rental value of appellants' property prior to a certain date and after that date. The seventeenth reason challenges the action of the court in directing a verdict for the appellee. The last four reasons relate to the assignments

that the evidence does not support the verdict, and that the verdict is contrary to law.

The facts, about which there is practically no dispute, show that the property in question is situated at the southwest corner of East and Richmond streets in the city of Kendallville; that appellants became the owners of this property in 1887, and have since resided thereon; that the dwelling faces East street, from which street Richmond street extends westward; that Richmond street, with the lots adjoining it, a short distance west of East street is low and subject to overflow by surface-water in wet seasons; that the rear or western portion of appellants' lot is five and one-half or six feet lower than the front portion, on which is located the dwelling-house; that in 1878, and prior thereto, a portion of Richmond street adjoining appellants' property, as well as the neighboring lots, was subject to overflow in wet seasons, and for lack of an outlet the water remained in the street and on portions of the adjoining lots for a considerable time; that in 1878 the city council caused to be constructed a drain, commencing at the lowest point in Richmond street, about one hundred and fifty feet from the residence of appellants, thence extending northeastwardly along that street to East street, thence north along East street to the right of way of the Lake Shore and Michigan Southern railway, thence east along said way; that this drain was constructed in part out of four- or five-inch farm tile laid beneath the surface of the ground, and in part was an open ditch; that its only use was to carry off the surface-water from the low portion of Richmond street and the adjoining grounds, including the premises of appellants; that no adjoining proprietor tapped it or connected his premises with it; that it had an open inlet through a sunken box in Richmond street; that in 1892 the railroad company filled up that portion of its right of way on which the drain was located, and constructed a track thereon; that thereafter one Moyer, residing on the south side of the railroad right of way, complained to ap-

pellee regarding the outlet of the ditch, and claimed that the water from it was overflowing his premises, whereupon the city council of Kendallville declared said drain a nuisance, and caused its inlet to be filled with sod and earth; that afterward said council rescinded its action, declaring the drain to be a nuisance, and attempted to open it, but it thereafter appeared to be partially obstructed; that said drain was abandoned by the city and its inlet was filled up in 1896, and thereafter, until appellants filled up the rear portion of their lot in the year 1903, the surface-water was not carried away by the drain, and after excessive rains the water would collect and overflow the rear end of appellants' lot, injuring the trees and shrubbery thereon, overflowing the cistern and flooding the cellar, causing the cellar wall to crack, thereby damaging and injuring appellants' property, and it is for such injuries that this action was brought.

It appears that after the year 1896, at some time not mentioned in the evidence or set forth in the briefs, appellee caused a two-inch iron pipe to be sunk into the gravel near the point which had been the entrance to the drain in Richmond street, for the purpose of allowing the accumulated water to sink. It also appears that in 1892 one of the appellants signed a remonstrance against the construction by the city of a sewer in Richmond street. In 1901 a petition was presented to the council for the grading of Richmond street, and some time before the trial it had been graded and the place where the drain had started was filled up and leveled. The water which invaded the premises of the appellants was surface-water, not by the city gathered into a body or collected into a channel and discharged upon said premises.

It was water against which the appellee was not, in the first instance, under any obligation to protect the appellants or their vendor. As we have seen, the railroad company, in the legitimate use of its right of way, obstructed the outlet so as to render the drain a nui-

sance.   The maintenance of the drain was abandoned by the city, and in due course of time the street was graded, and thereby the need of such a drain for the benefit of the street was at an end, and unless the city was obliged to maintain perpetually the drain as originally constructed, in such manner as to protect the adjoining low grounds of the citizens, appellants had no cause of action.   The exercise of the city's power to establish the drain for carrying off the surface-water was discretionary, and the right to discontinue the maintenance thereof must also be regarded as discretionary, where, by so doing, the adjoining proprietor was left in no worse condition than before the construction of the drain, and was merely put to the necessity of filling his lot in order to exclude the surface-water not brought there by the city.   Abbott, Mun. Corp., §958; 2 Dillon, Mun. Corp. (4th ed.), §§1039, 1041, 1046; 5 Thompson, Negligence (2d ed.), §5881; *Town of Monticello* v. *Fox* (1892), 3 Ind. App. 481; *Weis* v. *City of Madison* (1881), 75 Ind. 241, 39 Am. Rep. 135; *Cairo, etc., R. Co.* v. *Stevens* (1881), 73 Ind. 278, 38 Am. Rep. 139; *Rutherford* v. *Village of Holley* (1887), 105 N. Y. 632, 11 N. E. 818.

In the case of *Collins* v. *City of Waltham* (1890), 151 Mass. 196, 24 N. E. 327, surface-water flowed down a series of streets into a connecting street by open gutters, thence overflowed adjoining lands and flooded the plaintiff's land, to his injury.   The streets were substantially at the grade of the surrounding lands, and it did not distinctly appear that the water which came in open gutters would not come down and flood the plaintiff's land to the same extent if there were no streets at all.   There was an underground drain in the connecting street which relieved the flow somewhat, but the inlet was sometimes stopped up.   It was held that the city was not liable for any damages to the plaintiff.   In the case of *City of Atchison* v. *Challiss* (1872), 9 Kan. 603, it is said to be well settled that a city is not bound to construct any

channel, culvert, sewer or drain to carry off surface-water, and it was held that after the city has constructed a sewer or drain to carry off surface-water it may discontinue it and make no further use of it, if thereby it does not leave an individual in a worse condition than if no sewer or drain had ever been constructed. See, also, *Waters* v. *Village of Bay View* (1884), 61 Wis. 642, 21 N. W. 811.

There being no liability of appellee upon the undisputed facts, there could be no available error in the exclusion of the various items of offered evidence not materially 2. changing the state of facts, nor in directing a verdict for appellee. Appellants have not shown reversible error.

Judgment affirmed.