## GALEY *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF MONTGOMERY.

[No. 21,444. Filed April 29, 1910.]

1. INJUNCTION.— *Restraining Courts.— Appeal.*— Injunction does not ordinarily lie to restrain a court from deciding a case over which it has jurisdiction, or where a right of appeal from its decision exists. p. 182.
2. COURTS.—*Interested Judges.—Maxims.*—No person should be a judge of his own case. p. 182.
3. INTOXICATING LIQUORS.— *Option Elections.— Applicants.—Members of Board.—Duties.*—Where more than the statutory number of citizens, exclusive of the members of the board of commissioners, signed the petition for a local option election, the bias or prejudice of the members of the board on account of their signing such petition constitutes no bar to their granting such petition, since the statute requiring a call for an election is mandatory (Acts 1908 [s. s.] p. 4, §1). p. 183.
4. OFFICERS.—*"Ministerial" Act.*—A "ministerial" act is one performed by a person in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to exercising his own judgment. p. 183.
5. COURTS.—*Interested Judge.*—Where a judge is interested in the subject-matter of the litigation, but there is no other court with jurisdiction to decide the case, nor any provision for calling another judge, such interested judge must decide the case. p. 183.

From Montgomery Circuit Court; *Jere West,* Judge.

Suit by Charles F. Galey against the Board of Commissioners of the County of Montgomery. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*John F. McHugh,* for appellant.

*R. C. Minton, E. E. Ballard* and *Hanly, McAdams & Artman,* for appellee.

MYERS, J.—Appellant, as a taxpayer of Montgomery county, and as the owner of a saloon of the value of $2,000, which it is alleged would be injured by a vote under the local option temperance law approved September 26, 1908 (Acts 1908 [s. s.] p. 4), in favor of prohibiting the sale of intoxicating liquors as a beverage in Montgomery county, brought

a suit against the board of commissioners of that county to enjoin it from ordering an election upon that question, under a petition therefor, under that act. The basis of the complaint, the sustaining of a demurrer to which is urged here as error, is that the several members of the board of commissioners signed the petition for the election, that they were not competent to act therein, because they had signed said petition asking for such election, that they are biased and prejudiced, by reason of said signing, in favor of said petition, and that more than twenty per cent of the voters of said county, exclusive of the members of said board of county commissioners, signed said petition. To this complaint a demurrer was sustained.

It is urged (a) that no man can be a judge in his own cause, (b) that it follows that the statute prohibits persons from acting when they are required to be disinterested or indifferent within certain degrees of consanguinity or affinity within the sixth degree, or within the degree of second cousin, and (c) that proceedings under a petition for a local option election are judicial.

Taking the last proposition first, it is tacitly conceded by appellee that the order for an election is a judicial proceeding. We do not determine or consider the question, for the reason that if it is a judicial proceeding it is manifest that the remedy is not by injunction, for a court will not, as a rule, enjoin another tribunal from acting in a matter over which the latter has jurisdiction, or where there is a right of appeal. *Board, etc., v. Conner* (1900), 155 Ind. 484; *Kirsch v. Braun* (1899), 153 Ind. 247; Black, Intox. Liquors §175; 22 Cyc. 812.

The maxim, that one shall not be a judge in his own case, is a sound and salutary one, and should not be relaxed except when necessity requires, or when its application is doubtful; but we are not able to perceive that it has any application here. If the proper petition is signed by the necessary number of legal voters, the board of

commissioners has no discretion but to order an election.

The complaint alleges "that more than twenty per

3. cent of the voters of said county, exclusive of the members of said board of county commissioners, signed said petition." This allegation takes the question of interest, bias or prejudice affecting their action out of the case, and removes the application of the maxim that no one shall be a judge in his own case, for there is nothing to call for any action by them other than of a purely ministerial character. As defined in the case of *Flournoy* v. *City of Jeffersonville* (1861), 17 Ind. 169, 174: "A ministerial act

may, perhaps, be defined to be one which a person per-

4. forms in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done." *Rains* v. *Simpson* (1878), 50 Tex. 495.

It has been settled in other jurisdictions that signing a petition for a local option election does not disqualify the signers from acting upon it in ordering an election. *Lemon* v. *Peyton* (1886), 64 Miss. 161, 8 South. 235; *Hunter* v. *Senn* (1901), 61 S. C. 44, 39 S. E. 235.

We have here a body created by statute to do certain things, with no provision for action by any other body, and

no provision for selection of any other body. The

5. law is a practical thing and is to be administered in a practical way, and it will readily be seen what results might follow if the doctrine insisted upon by appellant is correct—that the board of commissioners could not hear a petition and order an election. All that would be necessary would be that the members of the board of commissioners, or a majority of them, should sign a petition calling for an election, and the machinery of the law would be stopped. Evidently no such result is to be countenanced. The result would be the same whether the election might result in favor of, or against, carrying on the business. The

rule must yield to the demands of necessity. The rule is well stated in the case of *Philadelphia* v. *Fox* (1870), 64 Pa. St. 169, where the court, speaking by Mr. Justice Sharswood, says: "The true rule unquestionably is that wherever it becomes necessary for a judge to sit even where he has an interest—where no provision is made for calling another in—or where no one else can take his place—it is his duty to hear and decide, however disagreeable it may be." See, also, *Matter of Ryers* (1878), 72 N. Y. 1, 28 Am. Rep 88; 23 Cyc. 581 and note.

We are aware that in Nebraska a different conclusion has been reached and adhered to, of holding that the signing of a petition for a license to sell intoxicating liquors disqualifies a petitioner, whose duty as supervisor it is to pass upon the question of license or no license. *Rosenberg* v. *Rohrer* (1909), 83 Neb. 469, 120 N. W. 159, and cases cited.

We are not able to agree with the unqualified rule as laid down in Nebraska, in the absence of any showing that there is no other tribunal authorized to dispose of the matter, or no other persons authorized to take the place of the official, for the reason that it is against public policy that one charged with a public duty should be permitted to disqualify himself from the discharge of that duty.

In the case of *State* v. *Crane* (1873), 36 N. J. L. 394, it was held that the action of the board of commissioners, charged with the duty of making assesments, is void where one of the commissioners who was interested in the assessment, other than as a general taxpayer, took part in the assessment, though a majority without him acted. We cannot refrain from observing that the conceded fact—that he would have been competent as a taxpayer—renders the question one of degree only, and that no necessity for his action existed. Besides, our court has held that action by one member of a board of commissioners, in a matter in which he was a petitioner for a gravel road and had a general interest as a taxpayer, where the other two members acted,

did not render the proceeding void. *Carr* v. *Duhme* (1906), 167 Ind. 76; *Board, etc.,* v. *Justice* (1892), 133 Ind. 89, 36 Am. St. 528.

We have fully enforced the maxim that no one shall be a judge in his own cause in this State, and the rule here announced is not in conflict with our own cases. The nearest approach to a conflict is in the case of *Winters* v. *Coons* (1904), 162 Ind. 26, but it will be noted by reference to that case that the question arose more particularly over the fact that one who had been an attorney in a cause, and had succeeded as judge, had, without the knowledge of counsel on the other side, settled and signed a bill of exceptions, but the rule of necessity, as here pointed out, was not invoked or adverted to, and was not applied, for the reason that it seemed to the court to be a case, under the facts, in which the maxim ought to be invoked.

The court below did not err in sustaining the demurrer to the complaint, and the judgment is affirmed.