CITY OF LOGANSPORT *v.* COTNER ET AL.

[No. 26,330. Filed May 16, 1933.]

Thomas C. Bradfield, John S. Lairy, and George A. Gamble, for appellant.

Arthur & Arthur and Hillis & Hillis for appellees.

FANSLER, J.—The appellees brought this action against the appellant for damages occasioned by surface-water collecting on their premises and seeping into their basement by reason of the obstruction of a surface-water sewer or drain lying wholly within the limits of the city, and constructed under the provisions of Section 8722, et seq., Burns 1914 (Section 10566, Burns 1926), and paid for entirely by assessment as for special benefits against adjoining property. There was a verdict and judgment for the appellees.

The evidence is not before us and we must take the allegations of the complaint as true except where contravened by the jury's answers to interrogatories. Upon this basis the facts seem to be: That the drain was constructed of ordinary drain tile; that the appellant had allowed and permitted certain property owners to connect with the drain for sewerage purposes, although this fact does not seem to be involved in the damage complained of, nor is it alleged that the city invited or required such connections; that the appellees had connected their cellar with the drain by a vitrified tile connection, but it does not appear that water or sewage backed up into their cellar through the connection. The drain originally served its intended purpose. It became obstructed, however, or out of repair, and as a result surface-water gathered on the property of appellees and the other property served by the drain, stood on the land to a considerable depth and seeped into appellees' cellar. The improvements on appellees' property were made subsequent to the construction of the drain. The

drain was not a sanitary sewer, and its primary purpose was not the drainage of basements, although it seems to have had the effect of preventing seepage into basements and to have drained the water from adjacent basements when connections were installed. It is reasonable to conclude that the accumulation of water by which appellees were damaged is the same as would have occurred had the drain not been constructed. There is nothing to indicate that the plan of the sewer was inadequate, or that it was improperly constructed in the first instance, in view of its admitted purpose.

The appellant assigns as error the overruling of its motion to require the complaint to be made more specific, and in support of its contention says that the complaint is obscure upon the question of whether or not the drain was a private drain for private purposes, or a sewer constructed for public use and benefit. It is alleged in the complaint that the sewer is a public drain, constructed upon the due and legal order of the board of public works of the appellant. The allegations are amply sufficient to meet the objection.

The remaining assignments of error are based upon the contention that the appellant is not liable under the circumstances above described, upon the principle that where a municipality constructs a drain which it was not required to construct, it may abandon it at will and that it will not be liable as for negligence where the adjoining proprietor was left in no worse condition than before the construction of the drain; that it is not answerable in damages unless the construction of the drain, or the failure to maintain it, had the effect of collecting an increased body of water and precipitating it upon the adjoining proprietor to his injury. The following authorities are cited as sustaining appellant's contention: *Finley* v. *City of Kendallville* (1910), 45

Ind. App. 430, 90 N. E. 1036; Dillon on Municipal Corporations, 5th Ed., Sec. 1745; *Weis* v. *City of Madison* (1881), 75 Ind. 241, 35 Am. Rep. 135.

Whether the drains were constructed by the city at its own expenses, or by assessment against adjoining lands as for special benefits, is not disclosed by these authorities. We have examined the record in the case of *Finley* v. *City of Kendallville, supra,* and find that in that case the drain was constructed by the city at its own expense for the purpose of draining a street; that it had the incidental effect of draining certain adjoining property. When the city discontinued maintaining the drain, water again accumulated upon the adjoining property to the same extent as before, but left the adjoining property in no worse condition than before the drain was originally constructed. It was held that the city was not liable in damages.

It would seem that the rule adopted in the authorities cited, *supra,* applies only to drains constructed for the purpose of draining public lands where the effect upon adjacent property is incidental.

That there may be a distinction between the liability of a city in the case of drains constructed solely at public expense, and those constructed in whole or in part at the expense of the affected party, has been recognized by this court. *Roll et al.* v. *City of Indianapolis* (1876), 52 Ind. 547.

It is well settled that where a sewer or drain is constructed under direction of the city, and the property owners are invited or required to connect therewith, the city is liable for damages resulting from water or sewage backing up into or flowing upon such adjacent property as the result of the city's negligently failing to maintain the sewer in operation. But that is not the question presented here. This drain was constructed by special assessment against the

property of the appellees and other adjoining property, on account of special benefits accruing thereto, and the city paid no part of the expense. The property owners were not invited or required to connect their property with the sewer for any purpose, nor do such connections enter into the damage resulting to appellees. The result of the failure to maintain the drain leaves appellees' situation, as to the natural accumulation of surface-water, as though the drain had not been constructed in the first instance, except that their property has been assessed and has paid for a benefit from the construction of the sewer, and, relying upon the benefit to be derived and which was derived from the drain when properly operated, they were induced to construct improvements upon their property. The question presented is—whether under these circumstances the city was required to maintain the drain so that it reasonably answered its purpose, and whether it is answerable in damages for negligently failing so to do.

The drain lies in the public streets and alleys. If the city owes no duty to repair, the property owner must privately dig up the public ways and make the repairs himself if he would have relief.

Under the legislative grant of general powers, cities have exclusive power over "the streets, alleys, water-courses, sewers, drains, bridges and public grounds within such city," and "may also provide for the construction of all sewers and drains," and "may enter upon, seize, appropriate and condemn for streets, alleys, sewers, drains, parks, cemeteries, or other public purposes." Sec. 11186, Burns 1926.

The board of public works is granted power "to lay out, design, order and contract for and execute the construction, alteration and maintenance of all public drains or sewers within such city . . . and within four miles thereof which may be necessary to carry off

the drainage of such city." Sec. 10340, Burns 1926, 7th Clause.

And "to prepare a general uniform plan for the drainage and sewerage of such city." Sec. 10340, Burns 1926, 17th Clause.

Another section of the statute provides that, "It shall be the duty of the board of public works to have general supervision over the streets, alleys, sewers, public grounds and other property of the city, unless otherwise provided in this act, and to keep the same in repair and good condition, and to provide for the cleaning of such streets and alleys. The cost of such care and repairs and of the cleaning and sweeping of such streets shall be paid out of the general fund." Sec. 10341, Burns 1926.

In *City of Logansport* v. *Wright* (1865), 25 Ind. 512, it is said:

> "By that law it is provided that 'the common council shall have exclusive power over the streets, highways, alleys and bridges within such city, and to lay out, survey and open new streets and alleys, and straighten, widen and otherwise alter those already laid out, and to make repairs thereto, and to construct and establish sidewalks, crossings, drains and sewers.' . . .
>
> "When a public body or officer is clothed by statute with power to do an act which concerns the public interest, or the rights of third persons, the execution of the power may be insisted on as a duty, though the statute creating it be only permissive in its terms."

To the same effect see *Indianapolis & Cincinnati R. R. Co.* v. *State ex rel. City of Lawrenceburg* (1871), 37 Ind. 489; *City of Evansville* v. *Decker* (1882), 84 Ind. 325, 45 Am. Rep. 86; *City of Lafayette* v. *Timberlake et al.* (1882), 88 Ind. 330; and *State ex rel. Workman et al.* v. *Goldthait, Auditor* (1909), 172 Ind. 210, 87 N. E. 133, 19 Ann. Cas. 737.

It must be noted that this rule does not apply to judicial or legislative powers, but only to ministerial powers. However, the actual work of construction of sewers and drains and the maintenance thereof fall within the ministerial powers of the city.

Because of these statutory powers, cities are held liable for injuries occasioned by defective sidewalks although such walks are constructed by private individuals. *Higert* v. *City of Greencastle* (1873), 43 Ind. 574; *City of Huntington* v. *Breen et al.* (1881), 77 Ind. 29.

The drain was constructed pursuant to the provisions of Section 8722, Burns 1914 (Sec. 10566, Burns 1926). The provisions of that statute give the board of public works of a city full jurisdiction to determine the necessity or advisability of constructing sewers, and to assess the cost upon adjacent property as for "special benefits." It is apparent that a general benefit to the municipality was contemplated by the drainage of a part of the territory within its confines. Casting the entire burden of the improvement upon the specially benefited property is justified, since it in turn would benefit generally from like structures in other parts of the municipality. The property owner may only be heard upon the question of whether the special benefits that will accrue to the property to be assessed will be equal to the estimated cost of the improvement. These questions are determined by the officers of the city, and in passing upon them they act legislatively and judicially. The interested property owner may not compel the initiation of proceedings, nor may he by remonstrance control the proceedings by enforcing his judgment as to the necessity or convenience of the improvement as under some improvement statutes. The city, then, has full power to determine

the advisability, the time and the manner of constructing drains. If private interests only were affected the city should not and would not take jurisdiction of the matter. The ordering of the improvement establishes the public interest in the project notwithstanding the entire cost may be assessed against property "specially benefited."

By its action in ordering the construction of the drain, the convenience, .necessity and public utility of the project were adjudicated. The city is bound by the adjudication. The project thus became a part of the general drainage system of the city. The statutes above referred to make it the duty of the city to maintain and repair such structures at the expense of the general fund of the city. It is clear that because of faulty construction or lack of repairs the drain had entirely ceased to function. The city had, therefore, failed in its statutory duty to keep the drain in repair. It is alleged, and must be taken as true, and the jury evidently believed, that for a long time the appellant negligently failed and refused to repair the defects in the sewer. If this failure was due to such lack of reasonable care as would constitute negligence in the case of an ordinary person, the city would be liable for the resulting damages, and in the absence of the instructions we must assume that the jury was so instructed.

The appellant contends that, by the Act of 1915, page 320, Section 6218, Burns 1926, the duty of maintaining all drains is cast upon the township trustee. We cannot agree with this construction of the Act. The Legislature has by consistent and long-established policy vested exclusive jurisdiction of all such projects lying entirely within an incorporated city, in the city government. The provisions of the Act of 1915 clearly indicate that its provisions were

intended to cover drains which primarily affect agricultural lands. It is true that there are certain provisions for assessing the cost of repairs to lands and lots lying within the limits of incorporated cities, but this contemplates drains which affect farm lands as well as cities under the provisions of various drain construction statutes. There is nothing in the Act expressly granting jurisdiction to the trustee over drains entirely within an incorporated city, and, in view of the exclusive jurisdiction over such structures, expressly granted to cities, we must construe that statute as giving the township trustee no such jurisdiction. *Anderson et al.* v. *Endicutt et al.* (1885), 101 Ind. 539.

Judgment is affirmed.