369 N.E.2d 681 (1977)
William J. LAMB, Defendant-Appellant,
v.
John F. THIEME, Plaintiff-Appellee.
No. 2-475A99.
Court of Appeals of Indiana, First District.
November 23, 1977.
Stanton Babcock, Stuart, Branigin, Ricks & Schilling, Lafayette, for defendant-appellant.
Gregory J. Donat, Heide, Gambs & Mucker, Lafayette, for plaintiff-appellee.
LOWDERMILK, Judge.

ON APPELLANT'S PETITION FOR REHEARING, APPELLEE'S MOTION TO STRIKE APPELLANT'S BRIEF IN SUPPORT OF PETITION FOR REHEARING, AND APPELLEE'S MOTION TO DISMISS PETITION FOR REHEARING
Appellant timely filed his petition for rehearing together with a supporting brief thereon. To this appellee timely filed his motion to strike appellant's brief in support of appellant's petition for rehearing and also filed his motion to dismiss petition for rehearing together with a supporting brief.
Appellant's petition for rehearing contains some argumentative statements together with citations of authority. Their brief in support thereof was filed at the same time with arguments and citations of authority. Appellee attacked appellant's *682 petition for rehearing by filing a motion to strike the brief in support thereof and further attacked the same by filing his motion to dismiss appellant's petition for rehearing together with brief in support thereof supporting the same by written brief filed at the same time.
The motion to strike urges this court to dispose of appellant's right for rehearing by this highly technical means.
Rules of Appellate Procedure, Appellate Rule 11, Rehearings and Transfer, so far as it pertains to this cause is in the words and figures as follows, to wit:
"(A) Rehearings. Application for a rehearing of any cause may be made by petition, separate from the brief, signed by counsel, and filed with the clerk within twenty (20) days from rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within ten (10) days after the filing of the petition. No extension of time shall be granted for the filing of a petition for rehearing or any brief in connection therewith."
Cases relied on here are under the old Supreme Court Rule 2-22 which is identical to the present Rule above set out except that in the first line of Rule 2-22 the word "may" was "shall" and the last sentence on the new Rule was not a part of the old Rule 2-22.
In Custer v. Mayfield (1965), 138 Ind. App. 575 at 579, 205 N.E.2d 836, this court held at page 580, 207 N.E.2d at page 222, "It has been held by our courts that a petition for rehearing must conform to the aforesaid Rule 2-22 and that it must not be an argumentative brief."
The court further quoted the case of Automobile Underwriters, Inc. v. Smith (1961), 241 Ind. 302, 171 N.E.2d 823 as follows:
"... if such reasons [referring to reasons why the decision is thought to be erroneous] cannot be concisely stated, and it is considered that extensive argument in support of alleged errors in the opinion is desired, such argument must be submitted separate from the petition." (Orig. emphasis) (Our insert)
This court then held "such argument must be submitted separate from the petition" and dismissed appellant's petition for rehearing for failure to conform to requirement of Rule 2-22.
In the case of City of Evansville, et al. v. Lehman (1966), 138 Ind. App. 587, 210 N.E.2d 672, this court was presented with the same problem on petition for rehearing and again, held that the petition for rehearing must conform to Rule 2-22 (Appellate Rule 11(A)) and that it must not be an argumentative brief.
While it is true that appellant's petition for rehearing was somewhat argumentative and did have citations of authority, it was accompanied by a brief containing argument and authorities in compliance with the Rule.
Our Supreme Court has held that where a party has made a good faith attempt to comply with the Rule that he should not lose his day in court on technical grounds only.
Thus we can best make our ruling on the motion to dismiss and the petition for rehearing by using the words of the late Judge Mote in City of Evansville, et al. v. Lehman, supra, at page 633, 211 N.E.2d at page 797, as follows:
"It is not our purpose to violate the provisions of any rule, yet we are faced with the general rule that, although rules are adopted for the benefit of the court as well as for the use and benefit of the parties upon which they safely may rely, we do not wish to assume an arbitrary power of dismissal which finally would dispose of the appeal. Hence, we hereby deny the petitions for rehearing, as well as appellee's petition for dismissal of said petitions for rehearing."
Appellee's petition for dismissal of said petition for rehearing is now overruled and *683 appellant's petition for rehearing is now denied. Appellee's motion to strike appellant's brief in support of petition for rehearing is denied.
ROBERTSON, C.J., and BUCHANAN, J. (participating by designation), concur.