**Wilburn R. ROSS and Bernadine M. Ross, Plaintiffs-Appellants,**

v.

**Jerome C. SCHUBERT, Robert M. Schleinkofer, and Garland D. Anderson, Defendants-Appellees.**

No. 2–1176A429.

Court of Appeals of Indiana, Fourth District.

Nov. 13, 1979.

C. David Peebles, Peebles, Thompson, Rogers & Hamilton, Fort Wayne, for plaintiffs-appellants.

Milford M. Miller, Jr., C. Erik Chickedantz, Livingston, Dildine, Haynie & Yoder, Fort Wayne, for defendants-appellees.

ON PETITION FOR REHEARING

CHIPMAN, Judge.

The initial appeal of this cause was decided by our court April 30, 1979. *Ross v. Schubert*, (1979) Ind.App., 388 N.E.2d 623. On May 19, 1979, the appellees filed a petition which they designated a "Petition for Rehearing." No brief of supporting argument accompanied this petition. On May 24, 1979, the appellants filed a motion to dismiss the petition for rehearing and a brief in support of this motion. Appellants have asked this court to dismiss the petition for rehearing because of the appellees' alleged failure to comply with Indiana Rules of Procedure, Appellate Rule 11(A); they contend the appellees have not complied with A.R. 11(A) because they have improperly interspersed extensive argument into their petition. We agree with the appellants and hereby grant the appellants' motion to dismiss.

This court, as well as all litigants who come before us, must comply with the procedural rules adopted by the Indiana Supreme Court. It is our duty to obey these rules and adhere to the construction which has been placed upon them. Appellate Rule 11(A) reads in pertinent part as follows:

> Application for a rehearing of any cause may be made by *petition, separate from the briefs,* signed by counsel, and filed with the clerk within twenty (20) days from rendition of the decision, *stating concisely the reasons why the decision is thought to be erroneous.* Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition. . . .

Our review of Appellate Rule 11(A) discloses it was modeled after the old Supreme Court Rule 2–22. *Lamb v. Thieme*, (1977) Ind.App., 369 N.E.2d 681; *Wyler v. Lilly Varnish Co.*, (1970) 146 Ind.App. 91, 252 N.E.2d 824, 255 N.E.2d 123. In fact, its language is for the most part identical to that found in the old rule; therefore, in

ruling upon appellants' motion to dismiss, we have primarily relied upon cases which interpreted Rule 2–22.

It is clear our Supreme Court has held the commingling of argument with the petition for rehearing is sufficient grounds for dismissing the petition for failure to conform with our rules of appellate procedure. *Automobile Underwriters, Inc. v. Smith*, (1961) 241 Ind. 302, 171 N.E.2d 823; *Dorweiler v. Sinks* (1958) 238 Ind. 368, 151 N.E.2d 142; *see also Lamb v. Thieme*, (1977) Ind.App., 369 N.E.2d 681; *Hedgecoth v. Hedgecoth*, (1966) Ind.App., 216 N.E.2d 358; *Estate of McClain v. McClain*, (1962) 133 Ind.App. 645, 183 N.E.2d 842, 184 N.E.2d 281; 4A B. Bagni, L. Giddings & K. Stroud, Indiana Appellate Procedure § 152 (1979). The petition for rehearing must not be an argumentative brief. In *Automobile Underwriters, Inc. v. Smith* the Court affirmatively stated:

> [I]f such reasons [i. e., reasons why the appellate decision is thought to be erroneous] cannot be concisely stated, and it is considered that extensive argument in support of alleged errors in the opinion is desired, such argument must be submitted *separate* from the petition.

*Automobile Underwriters, Inc. v. Smith*, 171 N.E.2d at 825. Thus, although it is not required that the reasons why our decision is believed to be erroneous be supported by argument, it is required that if the party wishes to so support his reasons, this argument must be separate from the petition in the form of a brief.

The appellees in their reply in opposition to the motion to dismiss contend their petition for rehearing set forth the reasons why they believe this court erred in a specific and concise fashion. Our review of appellees' thirty page petition for rehearing,, however, discloses what we believe goes beyond a concise statement of errors. Clearly the appellees were permitted under our rules to state where they believed we erred and the reason for this belief, but they were not permitted to argue at length in their petition for rehearing through the use of hypotheticals and argumentative allegations. Their petition for rehearing is drafted in such a manner that they have, in effect, attempted to make this court their adversary; this is not the function of a petition for rehearing. Allegations such as those made by the appellees that our earlier opinion was "faulty, erroneous and pure balderdash" are unmistakably inappropriate for a petition for rehearing. We do not believe such allegations, or the other argumentation and hypotheticals found in the appellees' petition for rehearing meet the requirements under A.R. 11(A) of being a concise statement of why our decision is thought to be erroneous; therefore, we dismiss the appellees' petition for rehearing.

Petition for rehearing dismissed.

MILLER, P. J., and YOUNG, J., concur.