**SOUTHWEST PARKE EDUCATION AS-SOCIATION, Appellant-Defendant,**

v.

**SOUTHWEST PARKE COMMUNITY SCHOOL TRUSTEES CORPORATION, Board of School Trustees, Appellee-Plaintiff.**

**No. 1–481A131.**

Court of Appeals of Indiana, First District.

Dec. 31, 1981.

Richard J. Darko, Bayh, Tabbert & Capehart, Indianapolis, Kipling White, White, White & Bray, Covington, for appellant-defendant.

Clelland Hanner, Hanner & Hanner, Rockville, Williams M. Evans, Bose, McKinney & Evans, Indianapolis, for appellee-plaintiff.

ON PETITION FOR REHEARING

RATLIFF, Judge.

Plaintiff-appellee Southwest Parke Community School Corporation, Board of School Trustees ("the board"), has filed a petition for rehearing of our decision of the appeal brought by defendant-appellant Southwest Parke Education Association ("the association"), filed November 17, 1981, Ind.App. No. 1–481 A 131. The petition for rehearing challenges the correctness of our holding that the association properly waited until after the arbitrator had rendered a supplemental award, upon remand from the trial court, before the association appealed to this court. The association has responded by filing a motion to dismiss the petition for rehearing and a brief in opposition to the petition for rehearing. The board, in turn, has filed a response to the association's motion to dismiss.

The board's petition for rehearing is six pages long. It discusses at length the applicability of two cases by this court in our

earlier opinion, and it contains extensive argument in support of its position that this court erred in our decision of the appeal.

In Ind. Rules of Procedure, Appellate Rule 11(A), we find the following instructions regarding petitions for rehearing:

"(A) Rehearings. Application for a rehearing of any cause may be made by petition, separate from the briefs, signed by counsel, and filed with the clerk within twenty (20) days from rendition of the decision, *stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs,* but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within ten (10) days after the filing of the petition. No extension of time shall be granted for the filing of a petition for rehearing or any brief in connection therewith." (Our emphasis.)

The association correctly contends that the board has improperly intermingled the functions of a petition for rehearing and a brief in support of the petition in the board's denominated petition for rehearing. The association cites *Ross v. Apple*, (1968) 143 Ind.App. 357, 241 N.E.2d 872, in support of its contention that the board failed to comply with A.R. 11(A).

In *Ross v. Apple*, the petition for rehearing contained lengthy quotations from the court's earlier opinion, citations of authority, and legal arguments. On the basis of former Supreme Court Rule 2–22 and case precedent, the Appellate Court determined that the petition contained argumentation which should have been included in a supporting brief. The court denied the petition for rehearing, and, having done so, found it unnecessary to act upon a motion to dismiss the petition.

Our present A.R. 11(A) is in many respects identical to former Supreme Court Rule 2–22. However, there are several cases more recent than *Ross v. Apple* which discuss and apply A.R. 11(A) rather than the former rule. *Ross v. Schubert*, (1979) Ind.App., 396 N.E.2d 147, *trans. denied*, involved an egregious violation of A.R. 11(A). The petition for rehearing was 30 pages long, contained a lengthy discussion using hypotheticals and argumentative allegations, brashly characterized the court's earlier opinion as " 'faulty, erroneous and pure balderdash' . . .," and was not accompanied by a brief. 396 N.E.2d at 148. The court granted a motion to dismiss the petition for rehearing, concluding that such allegations, argumentation, and hypotheticals do not constitute a concise statement of why the court's decision was thought to be erroneous and, therefore, violated A.R. 11(A).

In *Hughes v. Hughes*, (1976) 171 Ind.App. 255, 356 N.E.2d 225, *trans. denied*, the petition for rehearing stated four reasons why the decision of the court was believed to be erroneous, and each reason was accompanied by legal arguments at least one legal page long. The court noted that under A.R. 11(A) the statements of reasons are to be concise and that lengthy legal arguments are to be made in a separate brief. The court denied the motion to dismiss, although it noted that the movants' objection was well taken. The court proceeded to deny the petition for rehearing, as well.

■ This court has on other occasions denied a motion to dismiss a petition for rehearing even though it did not conform completely to the requirements of A.R. 11(A). *In re Adoption of Dove*, (1978) Ind. App., 371 N.E.2d 387, *trans. denied; Lamb v. Thieme*, (1977) Ind.App., 369 N.E.2d 681; *Wilson v. State*, (1976) 169 Ind.App. 33, 349 N.E.2d 285. In *Dove* and *Lamb*, the court was influenced by the fact that the petitioner also filed a brief and thereby gave evidence of a good faith attempt at compliance with the rule.[1] The court in *Dove* and *Lamb* indicated its reluctance to dismiss a

---

1. A brief in support of a petition for rehearing is not required by A.R. 11(A). However, if the reasons why the petitioner thinks the decision is erroneous require supporting argument, then such argument must be made in a brief separate from the petition. *Ross v. Schubert*, (1979) Ind.App., 396 N.E.2d 147, *trans. denied; In re Adoption of Dove*, (1978) Ind.App., 371 N.E.2d 387, *trans. denied*.

petition for rehearing solely on the basis of technical grounds.

■ Although the board's petition for rehearing does not comply fully with A.R. 11(A) in that it is not as concise as it could be and is more argumentative that it should be, we do not find it to be as thoroughly in violation of A.R. 11(A) as the petition in *Ross v. Schubert, supra.* The board's petition in this particular case adequately apprises the court of the reasons why our earlier opinion is believed to be erroneous. We do not feel that a dismissal, which would preclude our consideration of the merits of the board's petition for rehearing, is necessary or appropriate in this case. Consequently, we deny the association's motion to dismiss. However, our acceptance of the board's petition, although it is technically in violation of A.R. 11(A), should not be interpreted as an indication that we necessarily will accept less than full compliance with A.R. 11(A) in future cases.

We have carefully considered the arguments raised in the board's petition for rehearing as to why our earlier decision was erroneous. We are not persuaded that our decision was incorrect, and, accordingly, we deny the petition for rehearing.

NEAL, P. J., and ROBERTSON, J., concur.