STATE of Indiana, DEPARTMENT OF MENTAL HEALTH, and Central State Hospital, Appellants (Defendants Below),

v.

Peggy Sue ALLEN and David Glen Allen, Appellees (Plaintiffs Below).

No. 2–1280A431.

Court of Appeals of Indiana, Fourth District.

March 16, 1982.

Linley E. Pearson, Atty. Gen., G. Richard Potter, Deputy Atty. Gen., Indianapolis, for appellants.

W. Scott Montross, Townsend, Hovde, Townsend & Montross, Indianapolis, Frank Campbell, Campbell, Kyle & Proffitt, Noblesville, for appellees.

YOUNG, Judge.

ON PETITION FOR REHEARING

Plaintiffs-appellees-petitioners Peggy Sue Allen and David Glen Allen petition this court for a rehearing of our decision in the above captioned case handed down October 21, 1981, found at 427 N.E.2d 2.[1]

1. We direct appellees attention to Ind. Rules of Procedure, Appellate Rule 11(A). A.R. 11(A) provides that an application for rehearing be made by petition separate from briefs stating concisely the reasons why the decision is

They contend that we "misapplied and misinterpreted" Ind. Rules of Procedure, Trial Rule 56 by requiring a response to a motion for summary judgment as to all factual and legal areas.

We deny the petition.

Appellees-petitioners state the only issue raised was one of governmental immunity on legal statutory bases. Once this legal issue of immunity was resolved, they contend the matter should have been remanded for resolution of factual issues. We would agree *if* factual issues had been presented. No factual issues were shown to exist at the motion for summary judgment stage. Therefore, once the legal question of immunity was resolved in favor of the State, the only task that remained for the trial court was entry of judgment.

■■■ The State moved for summary judgment submitting supporting material. When a motion for summary judgment is made and supporting material is appended for consideration, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." T.R. 56(E). No response was filed by the Allens. They cannot rely on the allegations of their pleadings, as they seem to do at page four of their Petition for Rehearing. "If [they do] not so respond, summary judgment, if

appropriate, shall be entered against [them]." *Id.* We agree, as Allens argue, that summary judgment is not entered "as of course" because a party does not respond.[2] The court must still determine whether summary judgment is appropriate. The appropriateness of summary judgment is determined by the existence of a genuine issue of material fact and proper application of the law. We have resolved the legal issue.[3] There was no factual issue raised by the motion. We agree that negligence *if raised* at the time of the motion would be a question of fact. *Mills v. American Playground Device Co. and City of Gas City,* (1980) Ind.App., 405 N.E.2d 621. Having determined the State was immune for its decision and in the absence of a factual issue regarding negligent ministerial performance,[4] summary judgment was appropriate.

Allens argue that summary judgment was precluded because negligence was raised by their pleading and negligence is a question of fact. *Mills, supra.* Trial Rule 56(C) provides that "the court shall make its determination from the affidavits and testimony offered upon the matters placed in issue by the pleadings or such evidence." We agree that negligence was a matter placed in issue by the pleadings. However without relying on the pleadings for demonstration of an issue of fact, T.R. 56(E), a party must demonstrate a genuine issue for

thought to be erroneous. The application may be supported by briefs. Here, appellees have stated the reason why they believe our decision to be erroneous as well as presenting legal arguments in support of the petition, improperly intermingling the functions of the petition and a brief in support. *Compare Southwest Parke Education Association v. Southwest Parke Community School Trustees Corp.,* (1981) Ind.App., 429 N.E.2d 675; *Ross v. Schubert,* (1979) Ind.App., 396 N.E.2d 147 (trans. denied); *Hughes v. Hughes,* (1976) 171 Ind. App. 255, 356 N.E.2d 225, 235 (trans. denied); *Ross v. Apple,* (1968) 143 Ind.App. 357, 241 N.E.2d 872.

2. This would be somewhat of a default procedure not contemplated by T.R. 56.

3. Allens argue throughout their petition that they were concerned *only* with legal issues. The procedural mechanism to resolve *only* questions of law prior to a trial is a Motion to

Dismiss under T.R. 12. However, once a Motion to Dismiss or Motion for Summary Judgment is made and supported as permitted by the rules, it must be responded to as a Motion for Summary Judgment. T.R. 12(B). A successful response must demonstrate a genuine issue of material fact. If no response is made, the trial court has no factual issues before it, and a party is entitled to judgment as a matter of law, summary judgment is appropriate and will be granted.

4. If the release was a performance of a discretionary act as the State argues, there would be no liability because of governmental immunity. Because we find no genuine issue of material fact even if the act of release was ministerial, we did not in our original opinion determine the line of demarcation between ministerial/discretionary functions. 427 N.E.2d at 4.

trial. No genuine issue of material fact was placed before the trial court by affidavits or testimony. Because a matter is placed in issue by the pleadings does not make it a factual issue for avoiding summary judgment.

Allens contend this court has placed an additional requirement upon T.R. 56, "namely, the filing of a response on all issues raised by a summary judgment motion as well as to all potential issues that could conceivably be raised even though not asserted and regardless of whether the bases are in law or in fact." Petition at 5. Trial Rule 56 requires only the demonstration of the existence of a genuine issue of material fact to avoid summary judgment if summary judgment was otherwise appropriate. *Tekulve v. Turner*, (1979) Ind.App., 391 N.E.2d 673. This is all we required in our original opinion. The additional requirement as characterized by Allens is not contemplated by this court or T.R. 56.

Summary judgment proceedings are designed to provide a speedy determination of whether there exists issues for a trier of fact. A party must demonstrate factual issues exist for resolution by trial when faced with such a motion. If he does not or cannot demonstrate the existence of evidence to counter a motion for summary judgment and supporting material, there is no reason for a trial to determine facts.

Allens did not demonstrate a genuine issue of material fact for resolution by trial. Summary judgment was appropriate and should have been entered.

Petition denied.

MILLER, P. J., and CONOVER, J., concur.