Harold E. **MIKESELL** and William R. Mikesell, Executors of the Estate of Harold R. Mikesell, Deceased, Appellants (Respondents Below),

v.

Joyce **MIKESELL**, Appellee (Objector Below).

No. 3–681A154.

Court of Appeals of Indiana, Fourth District.

May 3, 1982.

Robert S. Justice, Logansport, for appellants.

Richard M. Rhodes, Peru, for appellee.

ON PETITION FOR REHEARING

CONOVER, Judge.

Our first decision in this matter was rendered on March 9, 1982. *Mikesell v. Mikesell*, (1982) Ind.App., 432 N.E.2d 55. On March 29, 1982, appellants filed a document in brief format entitled Petition for Rehearing. The brief contains no separate assignment of appellate error, rather it discusses in argumentative narrative the reasons they believe our prior decision is erroneous.

By failing to set out separately a concise assignment of appellate error, the appellants/petitioners have failed to comply with the requirements of Ind.Rules of Procedure, Appellate Rule 11(A). A.R. 11(A) states in part:

"Rehearings. *Application for a rehearing of any cause may be made by petition, separate from the briefs,* signed by counsel, and filed with the clerk within twenty (20) days from rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous. *Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition.*" (Emphasis added.)

Failure to meet the requisite of this rule may result in dismissal of the petition for rehearing. *Lamb v. Thieme*, (1977) Ind. App., 369 N.E.2d 681. As we have previously indicated:

"This court, as well as all litigants who come before us, must comply with the procedural rules adopted by the Indiana Supreme Court. It is our duty to obey these rules and adhere to the construction which has been placed upon them."

*Ross v. Schubert*, (1979) Ind.App., 396 N.E.2d 147.

Appellants have not complied with A.R. 11(A). We therefore dismiss appellants' Petition for Rehearing.

MILLER, P. J., and YOUNG, J., concur.