**Jerry HODGE and Beth Hodge,
Appellants (Plaintiffs Below),**

**v.**

**TOWN OF KINGMAN, Appellee
(Defendant Below).**

**No. 23A01–8709–CV–00228.**

Court of Appeals of Indiana,
First District.

March 7, 1988.

---

4. The mistake must also be honest and reason-able and about a matter of fact. *Id.*

Robert O. Williams, Covington, for appellants.

Elizabeth A. Brown, Judge & Knight, Ltd., Park Ridge, for appellee.

ROBERTSON, Justice.

Jerry and Beth Hodge appeal the grant of the Town of Kingman's motion to dismiss the Hodges' action against the Town for its negligence in the construction, maintenance or operation of its sewage system and for the creation of a nuisance.

We reverse.

The Hodges averred that they were the owners of real estate with a dwelling house in the Town of Kingman; that the Town established, maintained and operated sewers, sewage disposal systems and systems to collect and dispose of waste substances; that on June 6, 1986 the sewer system constructed, maintained and operated by the Town failed to function properly, spilling raw sewage in the Hodges' dwelling; and, that the Town negligently constructed, maintained or operated the sewage system which was and is a nuisance. No evidence was presented in support of or in opposition to the motion to dismiss. The trial court found the Town was immune from liability pursuant to IND. CODE 34-4-16.-5-3(6) because the construction, maintenance and operation of a sewage system constituted a discretionary function.

Our consideration of the issue presented in this appeal is shaped by the case's procedural posture before the trial court. The Town moved for a dismissal pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6). In a typical 12(B)(6) situation, a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604, 606. When no evidence is heard and affidavits are not submitted, a 12(B)(6) motion should be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. *Id.* The 12(B)(6) motion does not, in theory, deny the existence of a claim. Instead, it asserts that the *pleadings* are insufficient to establish one. *Indiana Suburban Sewers, Inc. v. Hanson* (1975), 166 Ind.App. 165, 334 N.E.2d 720, 723, *trans. denied.*

I.C. 34-4-16.5-3 delimits the Town's immunity from suit for losses occasioned by the town government or its employees. I.C. 34-4-16.5-3(6) provides that

a governmental entity or employee acting within the scope of his employment is not liable if a loss results from ... the performance of a discretionary function;
...

Our courts have interpreted this section to mean that a governmental body is immune from liability only if its agent is exercising

his governmental discretion in the performance of a purely public duty. *See Board of Commissioners of Delaware County v. Briggs* (1975), 167 Ind.App. 96, 337 N.E.2d 852, 862, *trans. denied; Campbell v. State* (1972), 259 Ind. 55, 284 N.E.2d 733; *Maroon v. State, Department of Mental Health* (1980), Ind.App., 411 N.E.2d 404, 415, *trans. denied.* Thus, in order to maintain a valid cause of action against a municipal corporation, a plaintiff must show either that the employee's actions were undertaken in the performance of a ministerial rather than discretionary function or that the employee owed the plaintiff a private duty, whether or not the employee was engaged in an act committed to the discretion of his office. *Maroon, id.; Briggs, supra.*

In determining whether a loss resulted from the performance of a discretionary as opposed to ministerial function under I.C. 34-4-16.5-3(6), our courts have repeatedly looked to the common law to identify and define a discretionary function. *See e.g. Rodman v. City of Wabash* (1986), Ind. App., 497 N.E.2d 234, 239 citing *Maroon, supra; Maroon v. State, supra* at 416 citing *Adams v. Schneider* (1919), 71 Ind. App. 249, 124 N.E. 718, 720 and *Galey v. Board of Comm'rs. of the County of Montgomery* (1910), 174 Ind. 181, 91 N.E. 593, 594; *State Dept. of Mental Health v. Allen* (1981), Ind.App., 427 N.E.2d 2, 4 citing *Galey, supra* and *Adams v. Schneider, supra; City of Tell City v. Noble* (1986), Ind.App., 489 N.E.2d 958, *trans. denied,* citing *Brinkmeyer v. City of Evansville* (1897), 29 Ind. 187. We believe it readily apparent, however, from a review of these decisions that the determination of whether a particular case involves discretionary or ministerial functions turns largely upon the allegations of the complaint and the facts actually proved. As our supreme court noted, with the restriction of the blanket immunity once available to a governmental defendant, the question of whether the defense is applicable at all may well turn upon the facts of a given case and the specific position, responsibilities and duties of the particular defendants. *Miller v. Griesel* (1974), 261 Ind.

604, 308 N.E.2d 701. This proposition is perhaps most vividly illustrated by the appellate court's decision in the oft-cited case of *Adams v. Schneider* (1919), 71 Ind.App. 249, 124 N.E. 718.

In *Adams v. Schneider,* the plaintiff-appellant sustained injury when a tier of seats collapsed at a school-sponsored field day exhibition conducted at a baseball park. The appellant averred in her complaint against the school board members, superintendent, and school board clerk, individually, that the management, maintenance and supervision of the premises and seats were in the exclusive power and control of the appellees and that the appellees negligently invited and permitted a large crowd including the appellant to occupy the seats while they were in a weak and unsafe condition. The trial court dismissed the action as to the clerk and directed a verdict for the board members and superintendent.

The evidence presented at trial established that at a meeting of the school board the clerk was given the authority to make arrangements for the field day exercises including the construction of the seats, and to manage the park on field day. On appeal, the court noted that the powers conferred upon the board by statute were broad enough in scope to permit the board, in its discretion, to make arrangements for the conduct of field day activities. The court held that the members of the school board, in determining that there should be field day exercises and in determining the manner in which such exercises should be conducted were acting within their discretion and therefore would not be held liable for injuries resulting from those determinations. However, the court held the school board members jointly liable with the clerk because the duties performed by the clerk in making preparations for the field day exercises and the general management of it were ministerial acts, whether or not they were performed by the board members, their agent or an independent contractor.

The appellate court utilized principles of agency to hold school officials responsible for the misfeasance of their employee. The proposition which emerges

from the authorities recited in *Adams v. Schneider* is that a principal will be responsible for negligence to the same extent as the agent where the agent has actually entered upon the performance of his duties but fails or neglects to use reasonable care or diligence *in the performance,* whether the wrong be an act of omission or commission. Duties in the performance of the act, including the direction of the work, once it has been determined that the work should be done, are ministerial.

The principles enunciated in *Adams v. Schneider* are consistent with other authorities which have held that, in the actual work of construction and in the maintenance of sewers and drains, governments act ministerially and their negligence in these particulars may therefore be the basis of an action. *See Murphy v. City of Indianapolis* (1902), 158 Ind. 238, 240, 63 N.E. 469; *City of Logansport v. Cotner et al.* (1933), 205 Ind. 13, 17, 20, 185 N.E. 634; *Aschoff v. City of Evansville* (1904), 34 Ind.App. 25, 31, 72 N.E. 279. *Accord, City of Fort Wayne v. Coombs et al.* (1886), 107 Ind. 75, 7 N.E. 743; *City of Evansville v. Decker* (1882), 84 Ind. 325, 327 (municipal corporation not responsible for error in exercise of merely legislative power such as failure to undertake to provide sewers and drains, unless made necessary by its own act, but where municipal corporation undertakes to construct sewers and drains, work becomes ministerial and corporation must exercise ordinary care and skill in devising plan and performing work; corporation also bound to exercise ordinary care in maintaining sewers constructed or adopted by it); *Cummins v. City of Seymour* (1881), 79 Ind. 491; *City of South Bend v. Paxon* (1879), 67 Ind. 228; *City of Indianapolis v. Huffler* (1868), 30 Ind. 235 (liability of city on exactly same foundation as that of natural person; skill and care incumbent upon city relates as well to the capacity of the sewer as to the mere inconvenience in its construction—as well to its plan as to execution.)[1]

Thus, the critical question in this appeal becomes whether, from the Hodges' complaint, the trial court properly determined that the Hodges would be unable to prove any set of facts entitling them to relief. Based upon the authorities cited above, if the Hodges were able to demonstrate, for example, that town officials failed to exercise ordinary care in the actual work of constructing the sewer, or allowed it to remain in disrepair when to do so would constitute negligence, the complaint would have adequately charged negligence in the performance of a purely ministerial function, entitling them to relief. Accordingly, we conclude that the Hodges adequately pleaded the operative facts involved in the litigation. Since facts could exist under these allegations which would render the town liable, the trial court erroneously sustained the motion to dismiss under 12(B)(6) when it was based solely upon the face of the complaint.

In this respect we believe the decision rendered by the fourth district of this court in *Rodman v. City of Wabash* (1986), Ind. App., 497 N.E.2d 234 is readily distinguishable. There, in determining whether a motion for summary judgment was providently granted, this court held that the City of Wabash's decision to utilize existing combined sewers was the performance of a discretionary function. The court expressly noted that the record revealed no evidence of direct or indirect acts of misfeasance or nonfeasance on the part of the city. 497 N.E.2d at 259. We reiterate that by a motion for summary judgment a defendant seeks to assert nonclaim upon a consideration of the undisputed facts. *Indiana Suburban Sewers,* 334 N.E.2d at 723. It is entirely possible that based upon affidavits, depositions, etc. the instant case could be resolved by summary judgment even though the Hodges' complaint was sufficient to withstand a T.R. 12(B)(6) motion.

The Town also argues the construction and maintenance of a sewage system is an

---

[1]. We would add that at common law a municipal corporation was liable in a civil action for erecting and maintaining a nuisance the same as a natural person. *Fairwood Bluffs Conservancy District v. Imel* (1970), 146 Ind.App. 352, 255 N.E.2d 674, 684.

exercise of the Town's police power and that any damages resulting from negligence in the exercise of the police power are not recoverable since private property rights may be curtailed and even sacrificed when the police power is validly exercised to preserve and promote the public welfare.

The Town assumes that relief can be granted a private citizen against a government only if the individual can show that the government committed, not merely a tort, but a "taking of property" compensable under the Indiana or federal constitution. While at one time in this state a government might have been afforded greater protection from suit, *see e.g. Cummins v. City of Seymour* (1881), 79 Ind. 491, 500, with the abolition of the common law doctrine of sovereign immunity, *see Campbell v. State* (1972), 259 Ind. 55, 284 N.E.2d 733; *Klepinger v. Board of Comm'r.* (1968), 143 Ind.App. 155, 239 N.E.2d 160, *trans. denied;* and *Brinkman v. City of Indianapolis* (1967), 141 Ind. App. 662, 231 N.E.2d 169, *trans. denied,* the liability of a municipality for damages attributable to the torts of its agents is now co-extensive with that of natural persons, except in those enumerated situations set out in the Indiana Tort Claims Act, I.C. 34-4-16.5-1 *et seq.,* for which the legislature has chosen to retain immunity. *See Miller v. Griesel* (1974), 201 Ind. 604, 308 N.E.2d 701, 705, and *Seymour National Bank v. State* (1981), Ind., 422 N.E.2d 1223. Having determined that the Hodges may be able to demonstrate that the town is not immune from liability in tort under I.C. 34-4-16.5-3, we conclude that the trial court's grant of the motion to dismiss must be overruled and the matter set for trial.

Judgment reversed.

NEAL and BUCHANAN, JJ., concur.